UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED ISMAT, PRADIP SAHA, RAMANDRA SAHA, MAXINE SMITH, ABDUR RAQUIB, JOHNNY RAMIREZ, MAGDY SAAD, WALTER FREIRE, MOZIBUR RAHMAN, CHRISTOPHER STAVROPOULOS, ABDUR RAHMAN, SYED AHMED, WALTER GARCIA, ASHIF MIRU, BISWA SAHA, SAYOT ALPHONSE, ALBERTO PRADO, MAURICE SCHWARTE, ABELLA BOUALE, DENZIL HANNAH, MILAD BARSOUM, MOAZZEMUL HAQUE, and ARUN SAHA,** | **Docket No.: 12 Civ. 4418 (DLI) (JMA)** |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | |
| -against- | |
| **AMEDEO HOTELS LIMITED PARTNERSHIP, and NWPH, LLC,** | |
| Defendants. | |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, NWPH, LLC ("NWPH"), by its

attorneys, Kane Kessler, P.C., hereby file its Notice of Removal of the above-captioned action to

this Court from the Supreme Court of the State of New York, County of Kings, as follows:

1.     This is a civil action for which the District Court of the United States has original

jurisdiction under 28 U.S.C. § 1331 in that one or more claims against NWPH arise under the

laws of the United States.

2.      More specifically, on or about September 8, 2011, Plaintiffs, Ruben Diaz, Rene
Fernandez, Mohammed Ismat, Pradip Saha, Ramandra Saha, Maxine Smith, Abdur Raquib,
Johnny Ramirez, Magdy Saad, Walter Freire, Mozibur Rahman, Christopher Stavropoulos,
Abdur Rahman, Syed Ahmed ("Plaintiffs"), filed a Summons and Complaint in the Supreme
Court of the State of New York, County of Kings, in an action captioned, Ruben Diaz, et al. v.
Amedeo Hotels Limited Partnership, and NWPH, LLC, Index No. 11/20502. The Complaint
alleged claims for unpaid gratuities and labor fees under New York Labor Law ("NYLL"). A
copy of the Summons and Complaint is annexed hereto as *Exhibit A*. NWPH was served with
the Summons and Complaint on or about December 13, 2011.

3.      On or about January 13, 2012, NWPH served by mail its Answer on Plaintiffs
denying the material allegations of the Complaint. A copy of the Answer is annexed hereto as
*Exhibit B*.

4.      On or about January 18, 2012, Plaintiffs filed their First Amended Complaint,
captioned Ruben Diaz, et al. v. Amedeo Hotels Limited Partnership, and NWPH, LLC. The
Amended Complaint added claims for unpaid wages under NYLL. The First Amended
Complaint was served on NWPH by mail on January 23, 2012. A copy of the First Amended
Complaint is annexed hereto as *Exhibit C*.

5.      On or about February 1, 2012, NWPH served by mail its Answer to the First
Amended Complaint on Plaintiffs denying the material allegations. A copy of the Answer to the
First Amended Complaint is annexed hereto as *Exhibit D*.

6.      By consent of the parties, on April 20, 2012, Plaintiffs served by mail their
Second Amended Complaint captioned, Ruben Diaz, et al. v. Amedeo Hotels Limited
Partnership, and NWPH, LLC, adding ten (10) additional plaintiffs, Walter Garcia, Ashif Miru,

2

Biswa Saha, Sayot Alphonse, Alberto Prado, Maurice Schwarte, Abella Bouale, Denzil Hannah, Milad Barsoum, and Moazzemul Haque.  A copy of the Second Amended Complaint is annexed hereto as *Exhibit E*.

7.      On or about May 7, 2012, NWPH served by mail its Answer to the Second Amended Complaint on Plaintiffs denying the material allegations.  A copy of the Answer to the Second Amended Complaint is annexed hereto as *Exhibit F*.

8.      By consent of the parties, on August 13, 2012, Plaintiffs served by mail their Third Amended Complaint captioned, <u>Ruben Diaz, et al. v. Amedeo Hotels Limited Partnership, and NWPH, LLC</u>, asserting for the first time claims for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the NYLL, and adding one (1) additional plaintiff, Arun Saha (hereinafter referred to as the "State Court Action").  A copy of the Third Amended Complaint is annexed hereto as *Exhibit G*.

9.      As such, this matter is a civil action over which this Court has original jurisdiction under 29 U.S.C. §§ 201 *et seq.* and 28 U.S.C. § 1331.

10.     Thirty days have not yet elapsed since NWPH received a copy of the aforesaid Third Amended Complaint and removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

11.     NWPH now removes the State Court Action to this Court pursuant to 28 U.S.C. § 1441.  Plaintiffs' claims under Article 6 and 19 of the NYLL also may be removed to this Court pursuant to 28 U.S.C. § 1441(c), which allows the removal of claims that have been filed with those arising under 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over such claims, as they are related to and form part of the same case or controversy with the claim over which this Court has original jurisdiction.

#357682.2

12.     Co-Defendant, Amedeo Hotels Limited Partnership, expressly consents to the removal.

13.     Promptly after filing the Notice of Removal, NWPH will give written notice thereof to Plaintiffs and shall file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. § 1446(d).

14.     In addition to *Exhibits A* through *G*, annexed hereto as *Exhibit H* are true copies of all other process, pleadings, and orders served upon NWPH, pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant, NWPH, LLC, requests that this action be removed to this Court from the Supreme Court of the State of New York, County of Kings and henceforth that this action be placed on this Court's docket for all further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
September 10, 2012

**KANE KESSLER, P.C.**
Attorneys for Defendant,
NWPH, LLC

By: _Alexander Soric_

Judith A. Stoll (JS 9896)
Alexander Soric (AS 3305)
1350 Avenue of the Americas
New York, N.Y. 10019
Tel: (212) 519-5178
Fax: (212) 541-9799
asoric@kanekessler.com

4

TO:

David C. Wims, Esq.
Law Offices of David Wims
1430 Pitkin Avenue, 2nd Floor
Brooklyn, New York 11233
(646) 393-9550
*Attorneys for Plaintiffs*

Paul E. Wagner, Esq.
Stokes, Roberts & Wagner
1405 Hanshaw Road
Ithaca, New York 14850
(607) 257-5165
*Attorneys for Amedeo Hotel Limited Partnership*

#357682.2

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------X
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,
JOHNNY RAMIREZ,
MAGDY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,

INDEX NO. 20502-11

**SUMMONS**

**Venue is based upon:**
Plaintiff's residence

                              Plaintiffs,

                    -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                              Defendants.
-------------------------------------------------------X
**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** to appear in the Supreme Court of the State of New York,
County of Kings, at the office of the Clerk of that Court, at 360 Adams Street, in the County of
Kings, City and State of New York, within the time provided by law as noted below and to file
your answer to the annexed complaint with the Clerk. Upon your failure to answer, judgment
will be taken against you together with the costs of this action.

Dated: September 5, 2011

Law Office of David Wims
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233

NOTE: The law provides that:

(a) If this summons is served by its delivery to you personally within the State of New York, you must appear and answer within **TWENTY** days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the State of New York, or by publication, or by any means other than personal delivery to you within the State of New York, you are allowed **THIRTY** days after the proof of service thereof is filed with the Clerk of the Court within which to appear and answer.

(c) You are required to file a copy of your answer with proof of service with the Clerk of Court within **TEN** days of service of your answer.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------X
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,                                          INDEX NO.
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,                                         **COMPLAINT**
JOHNNY RAMIREZ,
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,

                               Plaintiffs,

                    -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                               Defendants.
-------------------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, complaining of the Defendants by their attorney,
David C. Wims, allege as follows:

### INTRODUCTORY STATEMENT
1. This is an action at law and in equity, by employees against their employers for unpaid,
deducted and/or misappropriated gratuities and labor fees, arising under New York Labor Law
("NYLL") §196-d, § 193, § 198-b and § 195.

### PARTIES
2. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of
the City and State of New York, County of Queens; and an employee of Defendants from 1982
to present.

3. At all times hereinafter mentioned, Plaintiff Rene Fernandez was a natural person and a
resident of Bogota, New Jersey; and an employee of Defendants from 1982 to present.

                                                                                          1

4. At all times hereinafter mentioned, Plaintiff Mohammed Ismat was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

5. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

6. At all times hereinafter mentioned, Plaintiff Ramandra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1995 to present.

7. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 2002 to present.

8. At all times hereinafter mentioned, Plaintiff Abdur Raquib was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1981 to present.

9. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2002 to present.

10. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendants from 1998 to present.

11. At all times hereinafter mentioned, Plaintiff Walter Freire was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 2000 to present.

12. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

13. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2001 to present.

2

14. At all times hereinafter mentioned, Plaintiff Abdur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1997 to present.

15. At all times hereinafter mentioned, Plaintiff Syed Ahmed was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2003 to present.

16. At all times hereinafter mentioned, Defendant Amedeo Hotels Limited Partnership ("Amedeo") was a domestic limited partnership and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

17. At all times hereinafter mentioned, Defendant NWPH, LLC ("NWPH") was a foreign limited liability company and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

### JURISDICTION & VENUE
18. Jurisdiction is proper in this Court as this action seeks equitable, declaratory and monetary relief pursuant to Labor Law § 663; and the amount in controversy exceeds the monetary limit of all lower courts.

19. Venue is proper in this Court as Plaintiff Smith resides in Kings County, New York; and Plaintiffs have designated Kings County as the place of trial.

### FACTS
20. Defendants employed Plaintiffs as full-time, 1st shift, in-room dining servers at their facility known as the New York Palace Hotel and located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods.  During their respective tenures, Defendants directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

21. Plaintiffs' primary duties were preparing, assembling and serving in-room dining orders; attending to in-room diners; collecting payment; customer service and meal clean-up, *inter alia*. In exchange for their labor, Defendants paid Plaintiffs: 1) hourly wages, 2) amounts purported to be gratuities, and 3) amounts labeled as 'labor fees'.

22. During Plaintiffs' respective tenures, Defendants imposed mandatory 20% gratuities or service charges upon their customers, and also charged them daily labor fees.  The daily labor fee was $102.11.

3

23. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts purported to be gratuities, by directly or indirectly compelling each Plaintiff to share his or her gratuities with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 40% of their gratuities to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

24. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as labor fees, by directly or indirectly compelling each Plaintiff to share his or her labor fees with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their labor fee to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

25. Throughout the tenures of all instant Plaintiffs, Defendants failed to provide Plaintiffs with clear and accurate wage statements that indicated the amounts each received as gratuities and labor fees; and the amounts which Defendants deducted from their wage payments or required Plaintiffs to pay to third parties. During that same time, Defendants failed and refused to furnish to Plaintiffs, of their own accord and upon request, an explanation of how their wages, gratuities and labor fees were computed.

26. Plaintiffs, personally and through counsel, have requested and demanded the entire amount of all gratuities and labor fees to which they are entitled, but Defendants to date have failed and refused to pay the same.

27. Defendants' conduct was wanton and willful, and was not based on advice of counsel nor guidance from a competent court or governmental agency.

28. Plaintiffs have been damaged in amounts not presently ascertainable and are entitled to full relief.

## FIRST CAUSE OF ACTION
Unpaid Gratuities – New York Labor Law § 196-d

29. Plaintiffs repeat the foregoing paragraphs in their entirety.

30. As a result of the foregoing, Defendants violated NYLL § 196-d and Plaintiffs are entitled to recover their unpaid gratuities and labor fees from Defendants.

31. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

32. Defendants' violation of the NYLL was willful, as indicated above.

4

## SECOND CAUSE OF ACTION

Unpaid Wage Deductions – New York Labor Law § 193

33. Plaintiffs repeat the foregoing paragraphs in their entirety.

34. As a result of the foregoing, Defendants violated NYLL § 193 and Plaintiffs are entitled to recover their unpaid wage deductions from Defendants.

35. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

36. Defendants' violation of the NYLL was willful, as indicated above.

## THIRD CAUSE OF ACTION

Unpaid Kick Backs – New York Labor Law § 198-b

37. Plaintiffs repeat the foregoing paragraphs in their entirety.

38. As a result of the foregoing, Defendants violated NYLL § 198-b and Plaintiffs are entitled to recover their unpaid kick backs from Defendants.

39. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

40. Defendants' violation of the NYLL was willful, as indicated above.

## FOURTH CAUSE OF ACTION

Recordkeeping – New York Labor Law § 195

41. Plaintiffs repeat the foregoing paragraphs in their entirety.

42. As a result of the foregoing, Defendants violated NYLL § 195 and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants.

43. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

44. Defendants' violation of the NYLL was willful, as indicated above.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

45. Award Plaintiffs:

    A. A declaration that Defendants' violated the NYLL, and an injunction prohibiting Defendants from continuing the above mentioned employment practices;
    B. Unpaid gratuities and labor fees under the NYLL;
    C. Unpaid wage deductions under the NYLL;
    D. Liquidated damages under NYLL;

E.  Civil Penalties and liability for record-keeping violations;

F.  Prejudgment interest; and

G.  Attorney's fees and costs.

**WHEREFORE,** Plaintiffs demand declaratory and injunctive relief; and judgment for unpaid gratuities, labor fees and wage deductions; liquidated damages; civil penalties, attorney's fees, costs and disbursements of this action.

Dated:  Brooklyn, New York

September 5, 2011

LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

6

INDEX #:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
--------------------------------------------------------------------X
RUBEN DIAZ, et al,

                              Plaintiffs,

          -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                              Defendants.

--------------------------------------------------------------------X

## <u>COMPLAINT</u>

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq.
1430 Pitkin Avenue, 2nd Floor
Brooklyn, New York 11233
(646) 393-9550

FILED
KINGS COUNTY CLERK
2011 SEP -8  PH 4: 12

This certification, pursuant to 22 N.Y.C.R.R. Part 130-1.1-a,

applies to the following within papers:

                              (1)  Complaint

Dated:  September 5, 2011          Signature _____
                                        David C. Wims

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————————x

RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED            Index # 20502-11
ISMAT, PRADIP SAHA, RAMANDRA SAHA,
MAXINE SMITH, ABDUR RAQUIB, JOHNNY
RAMIREZ, MAGDY SAAD, WALTER FREIRE,             ANSWER OF
MOZIBUR RAHMAN, CHRISTOPHER                     DEFENDANT
STAVROPOULOS, ABDUR RAHMAN, SYED AHMED,         NWPH, INC.

                    Plaintiffs,

                    -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                    Defendants.

———————————————————————————x

        Defendant NWPH, LLC ("NWPH"), by its attorneys, Kane Kessler, P.C., answer the
Complaint as follows:

## INTRODUCTORY STATEMENT

1. Denies so much of paragraph 1 of the Complaint as alleges that plaintiffs' employers
   failed to pay, deducted or misappropriated gratuities and labor fees in violation of New
   York Law ("NYLL") §196-d, §193, §198-b and §195.

## PARTIES

2. Denies knowledge or information sufficient to form a belief as to the county of residence
   of Plaintiff Ruben Diaz and denies the allegations of paragraph 2 of the Complaint that he
   was employed by NWPH from 1982 to the present.

3. Denies knowledge or information sufficient to form a belief as to the county of residence
   of Plaintiff Rene Fernandez and denies the allegations of paragraph 3 of the Complaint
   that he was employed by NWPH from 1982 to the present.

4. Denies knowledge or information sufficient to form a belief as to the county of residence
   of Plaintiff Mohammed Ismat and denies the allegation of paragraph 4 of the Complaint
   that he was employed by NWPH from 1984 to the present.

5. Denies knowledge or information sufficient to form a belief as to the county of residence
   of Plaintiff Pradip Saha and denies the allegation of paragraph 5 of the Complaint that he
   was employed by NWPH from 1985 to the present.

6. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Ramandra Saha and denies the allegation of paragraph 6 of the Complaint that he was employed by NWPH from 1995 to the present.

7. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Maxine Smith and denies the allegation of paragraph 7 of the Complaint that she was employed by NWPH from 2002 to the present.

8. Denies knowledge or information sufficient to form a belief as to the county of residence of Abdur Raquib and denies the allegation of paragraph 8 of the Complaint that he was employed by NWPH from 1981 to the present.

9. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Johnny Ramirez and denies the allegation of paragraph 9 of the Complaint that he was employed by NWPH from 2002 to the present.

10. Denies knowledge or information sufficient to form a belief as to the county of residence of Magdy Saad and denies the allegation of paragraph 10 of the Complaint that he was employed by NWPH from 1998 to the present.

11. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Walter Freire and denies the allegation of paragraph 11 of the Complaint that he was employed by NWPH from 2000 to the present.

12. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Mozibur Rahman and denies the allegation of paragraph 12 of the Complaint that he was employed by NWPH from 1998 to the present.

13. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Christopher Stavropolous and denies the allegation of paragraph 13 of the Complaint that he was employed by NWPH from 2011 to the present.

14. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Abdur Rahman and denies the allegation of paragraph 14 of the Complaint that he was employed by NWPH from 1997 to the present.

15. Denies knowledge or information sufficient to form a belief as to the county of residence of Syed Ahmed and denies the allegation of paragraph 15 of the Complaint that he was employed by NWPH from 2003 to the present.

16. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17. Denies the NWPH was Plaintiffs' employer before July 12, 2011 but admits the remaining allegations of paragraph 17 of the Complaint.

2

## JURISDICTION AND VENUE

18. Paragraph 18 of the Complaint contains no factual allegations requiring an answer.

19. Denies knowledge and information sufficient to form a belief as to the county of residence of Plaintiff Smith.

## FACTS

20. Denies the allegations of paragraph 20 of the Complaint and affirmatively states that NWPH did not employ Plaintiffs until July 12, 2011.

21. Denies the allegations of paragraph 21 of the Complaint with respect to the period of time prior July 12, 2011.

22. Denies the allegations of paragraph 22 of the Complaint.

23. Denies the allegations of paragraph 23 of the Complaint.

24. Denies the allegations of paragraph 24 of the Complaint.

25. Denies the allegations of paragraph 25 of the Complaint.

26. Denies the allegations of paragraph 26 of the Complaint.

27. Denies the allegations of paragraph 27 of the Complaint.

28. Denies the allegations of paragraph 28 of the Complaint.

## FIRST CAUSE OF ACTION

29. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 28 as set forth herein at length.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint.

## SECOND CAUSE OF ACTION

33. NWPH repeats and reiterates the answers set forth in paragraph 1 through 32 as if set forth herein at length.

34. Denies the allegations of paragraph 34 of the Complaint.

3

35. Denies the allegations of paragraph 35 of the Complaint.

36. Denies the allegations of paragraph 36 of the Complaint.

**THIRD CAUSE OF ACTION**

37. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 36 as if set forth herein at length.

38. Denies the allegations of paragraph 38 of the Complaint.

39. Denies the allegations of paragraph 39 of the Complaint.

40. Denies the allegations of paragraph 40 of the Complaint.

**FOURTH CAUSE OF ACTION**

41. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 40 as if set forth herein at length.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

45. The Complaint fails to state a cause of action pursuant to NYLL §196-d.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

46. The Complaint fails to state a cause of action pursuant to NYLL §193.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

47. The Complaint fails to state a cause of action pursuant to NYLL §198-b.

<u>**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**</u>

48. The Complaint fails to state a cause of action pursuant to NYLL §195.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are preempted by the Labor Management Relations Act, 29 U.S.C. §141 et. seq.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. The amount and proper distribution of gratuities is and all times relevant has been governed by agreement between Defendants and the New York Hotel & Motel Trades Council, AFL-CIO (the "Union"), the bargaining representative for all the Plaintiffs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. Pursuant to a collective bargaining agreement between the Union and the Hotel Association of New York City, known as the Industry-Wide Agreement or "IWA", any and all dispute between Plaintiffs and either of the Defendants are required to be submitted to the Office of the Impartial Chairperson of the Hotel Industry for binding arbitration.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs have filed a grievance with the Union regarding some or all of the claims in this Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Plaintiffs have failed to exhaust their remedies under the IWA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. NWPH did not employ Plaintiffs and had no responsibility for or control over their pay and/or gratuities prior to July 12, 2011.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

55. At all relevant times, Plaintiffs were paid the proper amount of gratuities and labor fees due to them.

## AS AND FOR A TWELFTHTH AFFIRMATIVE DEFENSE

56. At all relevant times, Plaintiffs were not compelled to share their gratuities with any person or entity not legally entitled to a share of the gratuities.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

57. At all relevant times, NWPH provided Plaintiffs with clear and accurate wage statements indicating the amounts each Plaintiff received as wages, gratuities and labor fees, the amount of statutory deductions from wages and an explanation of how their wages and gratuities were computed.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

58. The Complaint fails to state a claim entitled Plaintiffs to injunctive relief pursuant to the NYLL.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

59. To the extent Plaintiffs seek injunctive relief, they are not entitled to a trial by jury on such claims.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim for liquidated damages pursuant to the NYLL.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

61. The Complaint fails to allege facts supporting a claim of willful violation of the NYLL.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

62. NWPH acted all times in good faith and consistently with its agreements with the Union, plaintiffs' bargaining agent.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred in whole or in part by the relevant statute of limitations.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Plaintiffs' claims are barred by accord and satisfaction.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

67. Plaintiffs' claims are barred by the doctrine of unclean hands and unjust enrichment.

**WHEREFORE**, NWPH respectfully submits that this Complaint should be dismissed in its entirety and NWPH should be awarded the costs and disbursements of this action, together with such other, further and different relief as the Court may deem just, proper and equitable.


Dated:  New York, N.Y.
        **January 13, 2012**

                                   **KANE KESSLER, P.C.**
                                   **Attorneys for NWPH, LLC**

                                 **By:** _____
                                     Judith A. Stoll

                                 **By:** _____
                                     **Alexander Soric**
                                   **1350 Avenue of the Americas**
                                   **New York, N.Y. 10019**
                                   **(212)541-6222**


**TO:  Law Offices of David Wims**
      **Attorneys for Plaintiffs**
      **1430 Pitkin Avenue, 2nd Floor**
      **Brooklyn, New York 11233**
      **(646)393-9550**

      **Stokes, Roberts & Wagner**
      **Att:  Paul E. Wagner**
      **Attorneys for Amedeo Hotel Limited Partnership**
      **1405 Hanshaw Road**
      **Ithaca, New York 14850**
      **(607)257-5165**

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK        )

                                 ) SS.:

COUNTY OF NEW YORK   )

        I, Cara Brownell, being duly sworn, say:

        I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

        On January 13, 2012, I served the within:

### ANSWER

by sending true copies thereof by overnight mail under the exclusive care and custody of Federal Express overnight mail addressed to the following:

_Cara M. Brownell_

Cara M. Brownell

Sworn to before me this
13TH day of January, 2012.

_Tracee M. Robinson_
Notary Public

TRACEE M. ROBINSON
Notary Public, State of New York
No. 01RO5066450
Qualified in Nassau County
Commission Expires Sept. 30, 2014

TO:  **Law Offices of David Wims**
     **1430 Pitkin Avenue, 2nd Floor**
     **Brooklyn, New York 11233**
     **(646) 393-9550**

     **Stokes, Roberts & Wagner**
     **Att:  Paul E. Wagner**
     **1405 Hanshaw Road**
     **Ithaca, New York 14850**
     **(607) 257-5165**

Index No. 20502-11
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED ISHAT, PRADIP SAHA, RAMANDRA SAHA, MAXINE SMITH, ABDUR RAQUIB, JOHNNY RAMIREZ, MAGDY SAAD, WALTER FREIRE, MOZIBUR RAHMAN, CHRISTOPHER STAVROPOULOS, ABDUR RAHMAN, SYED AHMED,

Plaintiffs,

-against-

AMEDEO HOTELS LIMITED PARTNERSHIP, NWPH.LLC,

Defendant

ANSWER OF DEFENDANT NWPH.LLC

KANE KESSLER, P.C.

ATTORNEY FOR    Defendant NWPH.LLC

1350 AVENUE OF THE AMERICAS
NEW YORK, N.Y. 10019-4896

212-541-6222

# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------**X**

RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,                                          INDEX NO.  20502/11
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,                                        **FIRST AMENDED**
JOHNNY RAMIREZ,                                      **COMPLAINT**
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,

                              Plaintiffs,

                  -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                              Defendants.

-------------------------------------------------------**X**

**PLEASE TAKE NOTICE** that Plaintiffs, hereby amend their complaint as of right, and complaining of the Defendants by their attorney, David C. Wims, allege as follows:

### INTRODUCTORY STATEMENT

1. This is an action at law and in equity, by employees against their employers for unpaid, deducted and/or misappropriated wages and gratuities, arising under Article 6 of the New York Labor Law ("NYLL").

### PARTIES

2. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1982 to present.

3. At all times hereinafter mentioned, Plaintiff Rene Fernandez was a natural person and a resident of Bogota, New Jersey; and an employee of Defendants from 1982 to present.

1

4. At all times hereinafter mentioned, Plaintiff Mohammed Ismat was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

5. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

6. At all times hereinafter mentioned, Plaintiff Ramandra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1995 to present.

7. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 2002 to present.

8. At all times hereinafter mentioned, Plaintiff Abdur Raquib was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1981 to present.

9. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2002 to present.

10. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendants from 1998 to present.

11. At all times hereinafter mentioned, Plaintiff Walter Freire was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 2000 to present.

12. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

13. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2001 to present.

14. At all times hereinafter mentioned, Plaintiff Abdur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1997 to present.

15. At all times hereinafter mentioned, Plaintiff Syed Ahmed was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2003 to present.

16. At all times hereinafter mentioned, Defendant Amedeo Hotels Limited Partnership ("Amedeo") was a domestic limited partnership and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia.*

17. At all times hereinafter mentioned, Defendant NWPH, LLC ("NWPH") was a foreign limited liability company and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia.*

### *JURISDICTION & VENUE*
18. Jurisdiction is proper in this Court as this action seeks equitable, declaratory and monetary relief pursuant to Labor Law §198; and the amount in controversy exceeds the monetary limit of all lower courts.

19. Venue is proper in this Court as Plaintiff Smith resides in Kings County, New York; and Plaintiffs have designated Kings County as the place of trial.

### *FACTS*
20. Defendants employed Plaintiffs as full-time, 1st shift, in-room dining servers at their facility known as the New York Palace Hotel and located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods. During their respective tenures, Defendants directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

21. Plaintiffs' primary duties were preparing, assembling and serving in-room dining orders; attending to in-room diners; collecting payment; customer service and meal clean-up, *inter alia.* In exchange for their labor, Defendants paid Plaintiffs: 1) hourly wages, 2) amounts purported to be gratuities, and 3) amounts labeled as 'labor fees'.

22. During Plaintiffs' respective tenures, Defendants imposed mandatory 20% gratuities or service charges upon their customers, and also charged them hourly labor fees. The hourly labor fee was $102.11.

23. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts purported to be gratuities, by directly or indirectly compelling each Plaintiff to share his or her gratuities with Defendants, their captains and managers, *inter alia.* Defendants directly or indirectly demanded and required Plaintiffs to pay 40% of their gratuities to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

24. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as labor fees, by directly or indirectly compelling each Plaintiff to share his or her labor fees with Defendants, their captains and managers, *inter alia.* Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their labor fee to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

25. Throughout the tenures of all instant Plaintiffs, Defendants failed to provide Plaintiffs with clear and accurate wage statements that indicated the amounts each received as gratuities and

labor fees; and the amounts which Defendants deducted from their wage payments or required Plaintiffs to pay to third parties.  During that same time, Defendants failed and refused to furnish to Plaintiffs, of their own accord and upon request, an explanation of how their wages, gratuities and labor fees were computed.

26. Plaintiffs, personally and through counsel, have requested and demanded the entire amount of all gratuities and labor fees to which they are entitled, but Defendants to date have failed and refused to pay the same.

27. Defendants' conduct was wanton and willful, and was not based on advice of counsel nor guidance from a competent court or governmental agency.

28. Plaintiffs have been damaged in amounts not presently ascertainable and are entitled to full relief as proven at trial.

### FIRST CAUSE OF ACTION
Unpaid Gratuities – New York Labor Law § 196-d

29. Plaintiffs repeat the foregoing paragraphs in their entirety.

30. As a result of the foregoing, Defendants violated NYLL § 196-d and Plaintiffs are entitled to recover their unpaid gratuities and labor fees from Defendants.

31. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

32. Defendants' violation of the NYLL was willful, as indicated above.

### SECOND CAUSE OF ACTION
Unpaid Wage Deductions – New York Labor Law § 193

33. Plaintiffs repeat the foregoing paragraphs in their entirety.

34. As a result of the foregoing, Defendants violated NYLL § 193 and Plaintiffs are entitled to recover their unpaid wage deductions from Defendants.

35. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

36. Defendants' violation of the NYLL was willful, as indicated above.

### THIRD CAUSE OF ACTION
Unpaid Kick Backs – New York Labor Law § 198-b

37. Plaintiffs repeat the foregoing paragraphs in their entirety.

38. As a result of the foregoing, Defendants violated NYLL § 198-b and Plaintiffs are entitled to recover their unpaid kick backs from Defendants.

39. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

40. Defendants' violation of the NYLL was willful, as indicated above.

**FOURTH CAUSE OF ACTION**
Recordkeeping – New York Labor Law § 195

41. Plaintiffs repeat the foregoing paragraphs in their entirety.

42. As a result of the foregoing, Defendants violated NYLL § 195 and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants.

43. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

44. Defendants' violation of the NYLL was willful, as indicated above.

**FIFTH CAUSE OF ACTION**
Unpaid Wages – New York Labor Law § 191

45. Plaintiffs repeat the foregoing paragraphs in their entirety.

46. As a result of the foregoing, Defendants violated NYLL § 191 and Plaintiffs are entitled to recover their unpaid wages, including gratuities and labor fees, from Defendants.

47. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

48. Defendants' violation of the NYLL was willful, as indicated above.

**PRAYER FOR RELIEF**
Plaintiffs respectfully request that this Court grant the following relief:

49. Award Plaintiffs:

    A. A declaration that Defendants' violated the NYLL, and an injunction prohibiting Defendants from continuing the above mentioned employment practices;
    B. Unpaid gratuities and labor fees under the NYLL;
    C. Unpaid wage deductions under the NYLL;
    D. Unpaid wages under the NYLL
    E. Liquidated damages under NYLL;
    F. Civil Penalties and liability for record-keeping violations;
    G. Prejudgment interest; and
    H. Attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand declaratory and injunctive relief; and judgment for unpaid wages, gratuities, labor fees and wage deductions; liquidated damages; civil penalties, attorney's fees, costs and disbursements of this action.

5

Dated: Brooklyn, New York

January 18, 2012

LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

6

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

————————————————————————————x

RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED
ISMAT, PRADIP SAHA, RAMANDRA SAHA,
MAXINE SMITH, ABDUR RAQUIB, JOHNNY
RAMIREZ, MAGDY SAAD, WALTER FREIRE,
MOZIBUR RAHMAN, CHRISTOPHER
STAVROPOULOS, ABDUR RAHMAN, SYED AHMED,

                        Plaintiffs,

                -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                  Defendants.

————————————————————————————x

Index # 20502-11

ANSWER OF
DEFENDANT
NWPH, LLC, TO
FIRST AMENDED
COMPLAINT

Defendant NWPH, LLC ("NWPH"), by its attorneys, Kane Kessler, P.C., answers the First Amended Complaint as follows:

**INTRODUCTORY STATEMENT**

1.   Denies so much of paragraph 1 of the First Amended Complaint as alleges that plaintiffs' employers failed to pay, deducted or misappropriated wages and gratuities arising under Article 6 of the New York Labor Law ("NYLL").

**PARTIES**

2.   Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Ruben Diaz and denies the allegations of paragraph 2 of the First Amended Complaint that he was employed by NWPH from 1982 to the present.

3.   Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Rene Fernandez and denies the allegations of paragraph 3 of the First Amended Complaint that he was employed by NWPH from 1982 to the present.

4.   Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Mohammed Ismat and denies the allegation of paragraph 4 of the First Amended Complaint that he was employed by NWPH from 1984 to the present.

5.   Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Pradip Saha and denies the allegation of paragraph 5 of the First Amended Complaint that he was employed by NWPH from 1985 to the present.

1

6.  Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Ramandra Saha and denies the allegation of paragraph 6 of the First Amended Complaint that he was employed by NWPH from 1995 to the present.

7.  Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Maxine Smith and denies the allegation of paragraph 7 of the First Amended Complaint that she was employed by NWPH from 2002 to the present.

8.  Denies knowledge or information sufficient to form a belief as to the county of residence of Abdur Raquib and denies the allegation of paragraph 8 of the First Amended Complaint that he was employed by NWPH from 1981 to the present.

9.  Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Johnny Ramirez and denies the allegation of paragraph 9 of the First Amended Complaint that he was employed by NWPH from 2002 to the present.

10. Denies knowledge or information sufficient to form a belief as to the county of residence of Magdy Saad and denies the allegation of paragraph 10 of the First Amended Complaint that he was employed by NWPH from 1998 to the present.

11. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Walter Freire and denies the allegation of paragraph 11 of the First Amended Complaint that he was employed by NWPH from 2000 to the present.

12. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Mozibur Rahman and denies the allegation of paragraph 12 of the First Amended Complaint that he was employed by NWPH from 1998 to the present.

13. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Christopher Stavropolous and denies the allegation of paragraph 13 of the First Amended Complaint that he was employed by NWPH from 2011 to the present.

14. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Abdur Rahman and denies the allegation of paragraph 14 of the First Amended Complaint that he was employed by NWPH from 1997 to the present.

15. Denies knowledge or information sufficient to form a belief as to the county of residence of Syed Ahmed and denies the allegation of paragraph 15 of the First Amended Complaint that he was employed by NWPH from 2003 to the present.

16. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the First Amended Complaint.

17. Denies the NWPH was Plaintiffs' employer before July 12, 2011 but admits the remaining allegations of paragraph 17 of the First Amended Complaint.

2

**JURISDICTION AND VENUE**

18. Paragraph 18 of the First Amended Complaint contains no factual allegations requiring an answer.

19. Denies knowledge and information sufficient to form a belief as to the county of residence of Plaintiff Smith.

**FACTS**

20. Denies the allegations of paragraph 20 of the First Amended Complaint and affirmatively states that NWPH did not employ Plaintiffs until July 12, 2011.

21. Denies the allegations of paragraph 21 of the First Amended Complaint with respect to the period of time prior July 12, 2011.

22. Denies the allegations of paragraph 22 of the First Amended Complaint.

23. Denies the allegations of paragraph 23 of the First Amended Complaint.

24. Denies the allegations of paragraph 24 of the First Amended Complaint.

25. Denies the allegations of paragraph 25 of the First Amended Complaint.

26. Denies the allegations of paragraph 26 of the First Amended Complaint.

27. Denies the allegations of paragraph 27 of the First Amended Complaint.

28. Denies the allegations of paragraph 28 of the First Amended Complaint.

**FIRST CAUSE OF ACTION**

29. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 28 as set forth herein at length.

30. Denies the allegations of paragraph 30 of the First Amended Complaint.

31. Denies the allegations of paragraph 31 of the First Amended Complaint.

32. Denies the allegations of paragraph 32 of the First Amended Complaint.

**SECOND CAUSE OF ACTION**

33. NWPH repeats and reiterates the answers set forth in paragraph 1 through 32 as if set forth herein at length.

3

#349878.1

34. Denies the allegations of paragraph 34 of the First Amended Complaint.

35. Denies the allegations of paragraph 35 of the First Amended Complaint.

36. Denies the allegations of paragraph 36 of the First Amended Complaint.

**THIRD CAUSE OF ACTION**

37. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 36 as if set forth herein at length.

38. Denies the allegations of paragraph 38 of the First Amended Complaint.

39. Denies the allegations of paragraph 39 of the First Amended Complaint.

40. Denies the allegations of paragraph 40 of the First Amended Complaint.

**FOURTH CAUSE OF ACTION**

41. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 40 as if set forth herein at length.

42. Denies the allegations of paragraph 42 of the First Amended Complaint.

43. Denies the allegations of paragraph 43 of the First Amended Complaint.

44. Denies the allegations of paragraph 44 of the First Amended Complaint.

**FIFTH CAUSE OF ACTION**

45. NWPH repeats and reiterates the answers set forth in paragraphs 11 through 44 as if set forth herein at length.

46. Denies the allegations of paragraph 46 of the First Amended Complaint.

47. Denies the allegations of paragraph 47 of the First Amended Complaint.

48. Denies the allegations of paragraph 48 of the First Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

49. The First Amended Complaint fails to state a cause of action pursuant to NYLL §196-d.

4

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. The First Amended Complaint fails to state a cause of action pursuant to NYLL §193.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. The First Amended Complaint fails to state a cause of action pursuant to NYLL §198-b.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. The First Amended Complaint fails to state a cause of action pursuant to NYLL §195.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. The Complaint fails to state a cause of action pursuant to NYLL §191.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are preempted by the Labor Management Relations Act, 29 U.S.C. §141 et. seq.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. The amount and proper distribution of gratuities is and all times relevant has been governed by agreement between Defendants and the New York Hotel & Motel Trades Council, AFL-CIO (the "Union"), the bargaining representative for all the Plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

56. Pursuant to a collective bargaining agreement between the Union and the Hotel Association of New York City, known as the Industry-Wide Agreement or "IWA", any and all dispute between Plaintiffs and either of the Defendants are required to be submitted to the Office of the Impartial Chairperson of the Hotel Industry for binding arbitration.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

57. Plaintiffs have filed a grievance with the Union regarding some or all of the claims in this First Amended Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58. Plaintiffs have failed to exhaust their remedies under the IWA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

5

59. NWPH did not employ Plaintiffs and had no responsibility for or control over their pay and/or gratuities prior to July 12, 2011.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60. At all relevant times, Plaintiffs were paid the proper amount of gratuities and labor fees due to them.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61. At all relevant times, Plaintiffs were not compelled to share their gratuities with any person or entity not legally entitled to a share of the gratuities.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

62. At all relevant times, NWPH provided Plaintiffs with clear and accurate wage statements indicating the amounts each Plaintiff received as wages, gratuities and labor fees, the amount of statutory deductions from wages and an explanation of how their wages and gratuities were computed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. The First Amended Complaint fails to state a claim entitled Plaintiffs to injunctive relief pursuant to the NYLL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. To the extent Plaintiffs seek injunctive relief, they are not entitled to a trial by jury on such claims.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. The First Amended Complaint fails to state a claim for liquidated damages pursuant to the NYLL.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

66. The First Amended Complaint fails to allege facts supporting a claim of willful violation of the NYLL.

## AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

67. NWPH acted all times in good faith and consistently with its agreements with the Union, plaintiffs' bargaining agent.

6

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68. Plaintiffs' claims are barred in whole or in part by the relevant statute of limitations.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

70. Plaintiffs' claims are barred by accord and satisfaction.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

72. Plaintiffs' claims are barred by the doctrine of unclean hands and unjust enrichment.

**WHEREFORE**, NWPH respectfully submits that this First Amended Complaint should be dismissed in its entirety and NWPH should be awarded the costs and disbursements of this action, together with such other, further and different relief as the Court may deem just, proper and equitable.

Dated: New York, N.Y.
        February 1 , 2012

                                        KANE KESSLER, P.C.
                                        Attorneys for NWPH, LLC

                                        By: _____
                                            Judith A. Stoll

                                        By: _____
                                            Alexander Soric
                                            1350 Avenue of the Americas
                                            New York, N.Y. 10019
                                            (212)541-6222

7

#349878.1

TO: Law Offices of David Wims
    Attorneys for Plaintiffs
    1430 Pitkin Avenue, 2nd Floor
    Brooklyn, New York 11233
    (646)393-9550

    Stokes, Roberts & Wagner
    Att: Paul E. Wagner
    Attorneys for Amedeo Hotel Limited Partnership
    1405 Hanshaw Road
    Ithaca, New York 14850
    (607)257-5165

8

<u>**AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS**</u>

STATE OF NEW YORK    )

                            ) SS.:

COUNTY OF NEW YORK   )

      I, Cara Brownell, being duly sworn, say:

      I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

      On February 1, 2012, I served the within:

      **ANSWER TO FIRST AMENDED COMPLAINT**

by sending true copies thereof by overnight mail under the exclusive care and custody of Federal Express overnight mail addressed to the following:

                                         *Cara M. Brownell*

                                      Cara M. Brownell

Sworn to before me this
  1   day of February, 2012.

_____
Notary Public

JUDITH A. STOLL
NOTARY PUBLIC, State of New York
No. 01ST4655884
Qualified in New York County
Commission Expires Dec. 31, 19___
2013

**TO:  Law Offices of David Wims**
      **1430 Pitkin Avenue, 2nd Floor**
      **Brooklyn, New York 11233**
      **(646) 393-9550**

      **Stokes, Roberts & Wagner**
      **Att: Paul E. Wagner**
      **1405 Hanshaw Road**
      **Ithaca, New York 14850**
      **(607) 257-5165**

#349878.1

SUPREME COURT OF THE STATE OF NEW
YORK
COUNTY OF KINGS

Index No. 20502-11

RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED ISMAIL,
PRADIP SAHA, RAMANDRA SAHA, MAXINE SMITH,
ABDUR RAQUIB, JOHNNY RAMIREZ, MAGDY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN, CHRISTOPHER
STAVROPOULOS, ABDUR RAHMAN,
SYED AHMED

Plaintiffs,

- against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH LLC,

Defendant.

ANSWER OF DEFENDANT NWPH, LLC
TO FIRST AMENDED COMPLAINT

KANE KESSLER, P.C.

ATTORNEY FOR
Defendant NWPH, LLC

1350 AVENUE OF THE AMERICAS
NEW YORK, N.Y. 10019-4896

212-541-6222

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------X
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,                                                  INDEX NO.  20502/11
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,                                                 **SECOND AMENDED**
JOHNNY RAMIREZ,                                               **COMPLAINT**
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,
WALTER GARCIA,
ASHIF MIRU,
BISWA SAHA,
SAYOT ALPHONSE,
ALBERTO PRADO,
MAURICE SCHWARTE,
ABELLA BOUALE,
DENZIL HANNAH,
MILAD BARSOUM,
MOAZZEMUL HAQUE,

                                     Plaintiffs,

                        -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

                                     Defendants.
-------------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, hereby amend their complaint on consent, and complaining of the Defendants by their attorney, David C. Wims, allege as follows:

### *INTRODUCTORY STATEMENT*
1. This is an action at law and in equity, by employees against their employers for unpaid, deducted and/or misappropriated wages and gratuities, arising under Article 6 of the New York Labor Law ("NYLL").

1

## *PARTIES*

2. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1982 to present.

3. At all times hereinafter mentioned, Plaintiff Rene Fernandez was a natural person and a resident of Bogota, New Jersey; and an employee of Defendants from 1982 to present.

4. At all times hereinafter mentioned, Plaintiff Mohammed Ismat was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

5. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

6. At all times hereinafter mentioned, Plaintiff Ramandra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1995 to present.

7. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 2002 to present.

8. At all times hereinafter mentioned, Plaintiff Abdur Raquib was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1981 to present.

9. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2002 to present.

10. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendants from 1998 to present.

11. At all times hereinafter mentioned, Plaintiff Walter Freire was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 2000 to present.

12. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

13. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2001 to present.

14. At all times hereinafter mentioned, Plaintiff Abdur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1997 to present.

15. At all times hereinafter mentioned, Plaintiff Syed Ahmed was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2003 to present.

16. At all times hereinafter mentioned, Plaintiff Walter Garcia was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1986 to present.

17. At all times hereinafter mentioned, Plaintiff Ashif Miru was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

18. At all times hereinafter mentioned, Plaintiff Biswa Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1986 to present.

19. At all times hereinafter mentioned, Plaintiff Sayot Alphonse was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 1984 to present.

20. At all times hereinafter mentioned, Plaintiff Alberto Prado was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

21. At all times hereinafter mentioned, Plaintiff Maurice Schwarte was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

22. At all times hereinafter mentioned, Plaintiff Abella Bouale was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1997 to present.

23. At all times hereinafter mentioned, Plaintiff Denzil Hannah was a natural person and a resident of Massachusetts; and an employee of Defendants from 1985 to present.

24. At all times hereinafter mentioned, Plaintiff Milad Barsoum was a natural person and a resident of New Jersey; and an employee of Defendants from 1987 to present.

25. At all times hereinafter mentioned, Plaintiff Moazzemul Haque was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

26. At all times hereinafter mentioned, Defendant Amedeo Hotels Limited Partnership ("Amedeo") was a domestic limited partnership and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

3

27. At all times hereinafter mentioned, Defendant NWPH, LLC ("NWPH") was a foreign limited liability company and Plaintiffs' employer, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

### JURISDICTION & VENUE

28. Jurisdiction is proper in this Court as this action seeks equitable, declaratory and monetary relief pursuant to Labor Law §198; and the amount in controversy exceeds the monetary limit of all lower courts.

29. Venue is proper in this Court as Plaintiff Smith resides in Kings County, New York; and Plaintiffs have designated Kings County as the place of trial.

### FACTS

30. Defendants employed Plaintiffs as full-time, in-room dining servers at their facility known as the New York Palace Hotel and located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods. During their respective tenures, Defendants directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

31. Plaintiffs' primary duties were preparing, assembling and serving in-room dining and banquet orders; attending to in-room diners; collecting payment; customer service and meal clean-up, *inter alia*. In exchange for their labor, Defendants paid Plaintiffs: 1) hourly wages, 2) amounts purported to be gratuities/service charges, and 3) amounts labeled as 'labor fees'.

32. During Plaintiffs' respective tenures, Defendants imposed mandatory 20% gratuities or service charges upon their customers, and also charged them hourly labor fees. The hourly labor fee was $102.11.

33. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts purported to be gratuities, by directly or indirectly compelling each Plaintiff to share his or her gratuities with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 40% of their gratuities to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

34. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as labor fees, by directly or indirectly compelling each Plaintiff to share his or her labor fees with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their labor fee to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

35. Throughout the tenures of all instant Plaintiffs, Defendants failed to provide Plaintiffs with clear and accurate wage statements that indicated the amounts each received as gratuities and labor fees; and the amounts which Defendants deducted from their wage payments or required Plaintiffs to pay to third parties. During that same time, Defendants failed and refused to furnish to Plaintiffs, of their own accord and upon request, an explanation of how their wages, gratuities and labor fees were computed.

4

## FOURTH CAUSE OF ACTION
Recordkeeping – New York Labor Law § 195

51. Plaintiffs repeat the foregoing paragraphs in their entirety.

52. As a result of the foregoing, Defendants violated NYLL § 195 and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants.

53. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

54. Defendants' violation of the NYLL was willful, as indicated above.

## FIFTH CAUSE OF ACTION
Unpaid Wages – New York Labor Law § 191

55. Plaintiffs repeat the foregoing paragraphs in their entirety.

56. As a result of the foregoing, Defendants violated NYLL § 191 and Plaintiffs are entitled to recover their unpaid wages, including gratuities/service charges and labor fees, from Defendants.

57. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

58. Defendants' violation of the NYLL was willful, as indicated above.

## PRAYER FOR RELIEF
Plaintiffs respectfully request that this Court grant the following relief:

59. Award Plaintiffs:

    A. A declaration that Defendants' violated the NYLL, and an injunction prohibiting Defendants from continuing the above mentioned employment practices;
    B. Unpaid gratuities and labor fees under the NYLL;
    C. Unpaid wage deductions under the NYLL;
    D. Unpaid wages under the NYLL
    E. Liquidated damages under NYLL;
    F. Civil Penalties and liability for record-keeping violations;
    G. Prejudgment interest; and
    H. Attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand declaratory and injunctive relief; and judgment for unpaid wages, gratuities, labor fees and wage deductions; liquidated damages; civil penalties, attorney's fees, costs and disbursements of this action.

INDEX #: 20502/11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
------------------------------------------------------------------------X
RUBEN DIAZ, et al,

Plaintiffs,

-against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

Defendants.
------------------------------------------------------------------------X

### <u>SECOND AMENDED COMPLAINT</u>

---

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq.
1430 Pitkin Avenue, 2nd Floor
Brooklyn, New York 11233
(646) 393-9550

---

This certification, pursuant to 22 N.Y.C.R.R. Part 130-1.1-a,

applies to the following within papers:

        (1)  Second Amended Complaint

Dated:  April 18, 2012        Signature _____

David C. Wims

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

——————————————————————————x

**RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED**
**ISMAT, PRADIP SAHA, RAMANDRA SAHA,**
**MAXINE SMITH, ABDUR RAQUIB, JOHNNY**
**RAMIREZ, MAGDY SAAD, WALTER FREIRE,**
**MOZIBUR RAHMAN, CHRISTOPHER**
**STAVROPOULOS, ABDUR RAHMAN, SYED AHMED,**
**WALTER GARCIA, ASHIF MIRU, BISWA SAHA,**
**SAYOT ALPHONSE, ALBERTO PRADO, MAURICE**
**SCHWARTE, ABELLA BOUALE, DENZIL HANNAH,**
**MILAD BARSOUM and MOAZZEMUL HAQUE,**

Index # 20502-11

ANSWER OF
DEFENDANT
NWPH, LLC, TO
SECOND
AMENDED
COMPLAINT

**Plaintiffs,**

-against-

**AMEDEO HOTELS LIMITED PARTNERSHIP,**
**NWPH, LLC,**

**Defendants.**

——————————————————————————x

Defendant NWPH, LLC ("NWPH"), by its attorneys, Kane Kessler, P.C., answers the
Second Amended Complaint as follows:

**INTRODUCTORY STATEMENT**

1.  Denies so much of paragraph 1 of the Second Amended Complaint as alleges that
    plaintiffs' employers failed to pay, deducted or misappropriated wages and gratuities
    arising under Article 6 of the New York Labor Law ("NYLL").

**PARTIES**

2.  Denies knowledge or information sufficient to form a belief as to the county of residence
    of Plaintiff Ruben Diaz and denies the allegations of paragraph 2 of the Second Amended
    Complaint that he was employed by NWPH from 1982 to the present.

3.  Denies knowledge or information sufficient to form a belief as to the county of residence
    of Plaintiff Rene Fernandez and denies the allegations of paragraph 3 of the Second
    Amended Complaint that he was employed by NWPH from 1982 to the present.

4.  Denies knowledge or information sufficient to form a belief as to the county of residence
    of Plaintiff Mohammed Ismat and denies the allegation of paragraph 4 of the Second
    Amended Complaint that he was employed by NWPH from 1984 to the present.

5. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Pradip Saha and denies the allegation of paragraph 5 of the Second Amended Complaint that he was employed by NWPH from 1985 to the present.

6. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Ramandra Saha and denies the allegation of paragraph 6 of the Second Amended Complaint that he was employed by NWPH from 1995 to the present.

7. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Maxine Smith and denies the allegation of paragraph 7 of the Second Amended Complaint that she was employed by NWPH from 2002 to the present.

8. Denies knowledge or information sufficient to form a belief as to the county of residence of Abdur Raquib and denies the allegation of paragraph 8 of the Second Amended Complaint that he was employed by NWPH from 1981 to the present.

9. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Johnny Ramirez and denies the allegation of paragraph 9 of the Second Amended Complaint that he was employed by NWPH from 2002 to the present.

10. Denies knowledge or information sufficient to form a belief as to the county of residence of Magdy Saad and denies the allegation of paragraph 10 of the Second Amended Complaint that he was employed by NWPH from 1998 to the present.

11. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Walter Freire and denies the allegation of paragraph 11 of the Second Amended Complaint that he was employed by NWPH from 2000 to the present.

12. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Mozibur Rahman and denies the allegation of paragraph 12 of the Second Amended Complaint that he was employed by NWPH from 1998 to the present.

13. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Christopher Stavropolous and denies the allegation of paragraph 13 of the Second Amended Complaint that he was employed by NWPH from 2011 to the present.

14. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Abdur Rahman and denies the allegation of paragraph 14 of the Second Amended Complaint that he was employed by NWPH from 1997 to the present.

15. Denies knowledge or information sufficient to form a belief as to the county of residence of Syed Ahmed and denies the allegation of paragraph 15 of the Second Amended Complaint that he was employed by NWPH from 2003 to the present.

2

16. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Walter Garcia and denies the allegations of paragraph 16 of the Second Amended Complaint that he was employed by NWPH from 1986 to the present.

17. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Ashif Miru and denies the allegations of paragraph 17 of the Second Amended Complaint that he was employed by NWPH from 1998 to the present.

18. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Biswa Saha and denies the allegations of paragraph 18 of the Second Amended Complaint that he was employed by NWPH from 1986 to the present.

19. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Sayot Alphonse and denies the allegations of paragraph 19 of the Second Amended Complaint that he was employed by NWPH from 1984 to the present.

20. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Alberto Prado and denies the allegations of paragraph 20 of the Second Amended Complaint that he was employed by NWPH from 1998 to the present.

21. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Maurice Schwarte and denies the allegations of paragraph 21 of the Second Amended Complaint that he was employed by NWPH from 1985 to the present.

22. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Abella Bouale and denies the allegations of paragraph 22 of the Second Amended Complaint that he was employed by NWPH from 1997 to the present.

23. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Denzil Hannah and denies the allegations of paragraph 23 of the Second Amended Complaint that he was employed by NWPH from 1985 to the present.

24. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Milad Barsoum and denies the allegations of paragraph 24 of the Second Amended Complaint that he was employed by NWPH from 1987 to the present.

25. Denies knowledge or information sufficient to form a belief as to the county of residence of Plaintiff Moazzemul Haque and denies the allegations of paragraph 25 of the Second Amended Complaint that he was employed by NWPH from 1984 to the present.

26. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Second Amended Complaint.

27. Denies the NWPH was Plaintiffs' employer before July 12, 2011 but admits the remaining allegations of paragraph 27 of the Second Amended Complaint.

#353514.1

## JURISDICTION AND VENUE

28. Paragraph 28 of the Second Amended Complaint contains no factual allegations requiring an answer.

29. Denies knowledge and information sufficient to form a belief as to the county of residence of Plaintiff Smith.

## FACTS

30. Denies the allegations of paragraph 30 of the Second Amended Complaint and affirmatively states that NWPH did not employ Plaintiffs until July 12, 2011.

31. Denies the allegations of paragraph 31 of the Second Amended Complaint with respect to the period of time prior July 12, 2011.

32. Denies the allegations of paragraph 32 of the Second Amended Complaint.

33. Denies the allegations of paragraph 33 of the Second Amended Complaint.

34. Denies the allegations of paragraph 34 of the Second Amended Complaint.

35. Denies the allegations of paragraph 35 of the Second Amended Complaint.

36. Denies the allegations of paragraph 36 of the Second Amended Complaint.

37. Denies the allegations of paragraph 37 of the Second Amended Complaint.

38. Denies the allegations of paragraph 38 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION

39. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 38 as set forth herein at length.

40. Denies the allegations of paragraph 40 of the Second Amended Complaint.

41. Denies the allegations of paragraph 41 of the Second Amended Complaint.

42. Denies the allegations of paragraph 42 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION

43. NWPH repeats and reiterates the answers set forth in paragraph 1 through 42 as if set forth herein at length.

4

44.  Denies the allegations of paragraph 44 of the Second Amended Complaint.

45. Denies the allegations of paragraph 45 of the Second Amended Complaint.

46. Denies the allegations of paragraph 46 of the Second Amended Complaint.

**THIRD CAUSE OF ACTION**

47.  NWPH repeats and reiterates the answers set forth in paragraphs 1 through 46 as if set forth herein at length.

48.  Denies the allegations of paragraph 48 of the Second Amended Complaint.

49. Denies the allegations of paragraph 49 of the Second Amended Complaint.

50. Denies the allegations of paragraph 50 of the Second Amended Complaint.

**FOURTH CAUSE OF ACTION**

51.  NWPH repeats and reiterates the answers set forth in paragraphs 1 through 50 as if set forth herein at length.

52.  Denies the allegations of paragraph 52 of the Second Amended Complaint.

53. Denies the allegations of paragraph 53 of the Second Amended Complaint.

54. Denies the allegations of paragraph 54 of the Second Amended Complaint.

**FIFTH CAUSE OF ACTION**

55. NWPH repeats and reiterates the answers set forth in paragraphs 1 through 54 as if set forth herein at length.

56. Denies the allegations of paragraph 56 of the Second Amended Complaint.

57. Denies the allegations of paragraph 57 of the Second Amended Complaint.

58. Denies the allegations of paragraph 58 of the Second Amended Complaint.

**<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>**

59.  The Second Amended Complaint fails to state a cause of action pursuant to NYLL §196-d.

#353514.1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60.  The Second Amended Complaint fails to state a cause of action pursuant to NYLL §193.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61.  The Second Amended Complaint fails to state a cause of action pursuant to NYLL §198-b.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62.  The Second Amended Complaint fails to state a cause of action pursuant to NYLL §195.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. The Second Amended Complaint fails to state a cause of action pursuant to NYLL §191.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64.  Plaintiffs' claims are preempted by the Labor Management Relations Act, 29 U.S.C. §141 et. seq.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65.  The amount and proper distribution of gratuities is and all times relevant has been governed by agreement between Defendants and the New York Hotel & Motel Trades Council, AFL-CIO (the "Union"), the bargaining representative for all the Plaintiffs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66.  Pursuant to a collective bargaining agreement between the Union and the Hotel Association of New York City, known as the Industry-Wide Agreement or "IWA", any and all dispute between Plaintiffs and either of the Defendants are required to be submitted to the Office of the Impartial Chairperson of the Hotel Industry for binding arbitration.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67.  Plaintiffs have filed a grievance with the Union regarding some or all of the claims in this Second Amended Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68.  Plaintiffs have failed to exhaust their remedies under the IWA.

#353514.1

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. NWPH did not employ Plaintiffs and had no responsibility for or control over their pay and/or gratuities prior to July 12, 2011.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

70. At all relevant times, Plaintiffs were paid the proper amount of gratuities and labor fees due to them.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

71. At all relevant times, Plaintiffs were not compelled to share their gratuities with any person or entity not legally entitled to a share of the gratuities.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

72. At all relevant times, NWPH provided Plaintiffs with clear and accurate wage statements indicating the amounts each Plaintiff received as wages, gratuities and labor fees, the amount of statutory deductions from wages and an explanation of how their wages and gratuities were computed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

73. The Second Amended Complaint fails to state a claim entitled Plaintiffs to injunctive relief pursuant to the NYLL.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

74. To the extent Plaintiffs seek injunctive relief, they are not entitled to a trial by jury on such claims.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

75. The Second Amended Complaint fails to state a claim for liquidated damages pursuant to the NYLL.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

76. The Second Amended Complaint fails to allege facts supporting a claim of willful violation of the NYLL.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

77. NWPH acted all times in good faith and consistently with its agreements with the Union, Plaintiffs' exclusive collective bargaining agent.

7

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are barred in whole or in part by the relevant statute of limitations.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

80. Plaintiffs' claims are barred by accord and satisfaction.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

82. Plaintiffs' claims are barred by the doctrine of unclean hands and unjust enrichment.

**WHEREFORE**, NWPH respectfully submits that this Second Amended Complaint should be dismissed in its entirety and NWPH should be awarded the costs and disbursements of this action, together with such other, further and different relief as the Court may deem just, proper and equitable.

Dated:  New York, N.Y.
      May 7, 2012

                                      KANE KESSLER, P.C.
                                      Attorneys for NWPH, LLC

                                      By: _____
                                          Judith A. Stoll

                                        By: _____
                                         Alexander Soric
                                      1350 Avenue of the Americas
                                      New York, N.Y. 10019
                                      (212)541-6222

8

#353514.1

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK    )

                           ) SS.:

COUNTY OF NEW YORK  )

       I, Cara Brownell, being duly sworn, say:

       I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

       On May 7, 2012, I served the within:

### ANSWER TO SECOND AMENDED COMPLAINT

by sending true copies thereof under the exclusive care and custody of the United States Postal System by first class mail addressed to the following:

**TO:**
**Law Offices of David Wims**
**1430 Pitkin Avenue, 2nd Floor**
**Brooklyn, New York 11233**

**Stokes, Roberts & Wagner**
**Paul E. Wagner**
**1405 Hanshaw Road**
**Ithaca, New York 14850**

_Cara M. Brownell_
Cara M. Brownell

Sworn to before me this
7th day of May, 2012.

_Dan C. Gunter_
Notary Public

DORIS E. GUNTNER
Notary Public, State of New York
No. 01GU4612646
Qualified In Nassau County
Term Expires Dec. 31, 20 13

10

#353514.1

Index No. 20502-2011
Supreme of the State of
New York, Kings County

RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED
ISMAT PRADIP SAHA, RAMANDRA SAHA,
MAXINE SMITH, ABDUR RAQUIB, JOHNNY
RAMIREZ, MAGDY SAAD, WALTER FREIRE,
MOZIBUR RAHMAN, CHRISTOPHER
STAVROPOULOS, ABDUR RAHMAN, SYED
AHMED, WALTER GARCIA, ASHIF MIRU, BISWA
SAHA, SAVOI ALPHONSE, ALBERTO PRADO,
MAURICE SCHWARTE, ABELLA BOULALE,
DENZIL JANNAH MHLADBARSOUM,
MOAZZEMUL HAQUE

                                   Plaintiffs,

                    -against-

AMEDEO HOTELS LIMITED PARTNERSHIP
and NWPH, LLC

                                   Defendants.

**DEFENDANT NWPH, LLC's**
**ANSWER TO SECOND**
**AMENDED COMPLAINT**

KANE KESSLER, P.C.

ATTORNEY FOR Defendant NWPH, LLC

1350 AVENUE OF THE AMERICAS
NEW YORK, N.Y. 10019-4896

212-541-6222

# EXHIBIT G

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
---------------------------------------------------------**X**
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,                                          INDEX NO.  20502/11
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,                                          **THIRD AMENDED**
JOHNNY RAMIREZ,                                        **COMPLAINT**
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,
WALTER GARCIA,
ASHIF MIRU,
BISWA SAHA,
SAYOT ALPHONSE,
ALBERTO PRADO,
MAURICE SCHWARTE,
ABELLA BOUALE,
DENZIL HANNAH,
MILAD BARSOUM,
MOAZZEMUL HAQUE,
ARUN SAHA,

Plaintiffs,

-against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

Defendants.
---------------------------------------------------------**X**

**PLEASE TAKE NOTICE** that Plaintiffs, hereby amend their complaint on consent, and complaining of the Defendants by their attorney, David C. Wims, allege as follows:

*INTRODUCTORY STATEMENT*
1. This is an action at law and in equity, by employees against their employers for unpaid, deducted and/or misappropriated wages and gratuities, arising under Articles 6 and 19 of the

1

New York Labor Law ("NYLL"); and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

**PARTIES**

2. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1982 to present.

3. At all times hereinafter mentioned, Plaintiff Rene Fernandez was a natural person and a resident of Bogota, New Jersey; and an employee of Defendants from 1982 to present.

4. At all times hereinafter mentioned, Plaintiff Mohammed Ismat was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

5. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

6. At all times hereinafter mentioned, Plaintiff Ramandra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1995 to present.

7. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 2002 to present.

8. At all times hereinafter mentioned, Plaintiff Abdur Raquib was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1981 to present.

9. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2002 to present.

10. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendants from 1998 to present.

11. At all times hereinafter mentioned, Plaintiff Walter Freire was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 2000 to present.

12. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

13. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2001 to present.

14. At all times hereinafter mentioned, Plaintiff Abdur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1997 to present.

15. At all times hereinafter mentioned, Plaintiff Syed Ahmed was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2003 to present.

16. At all times hereinafter mentioned, Plaintiff Walter Garcia was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1986 to present.

17. At all times hereinafter mentioned, Plaintiff Ashif Miru was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

18. At all times hereinafter mentioned, Plaintiff Biswa Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1986 to present.

19. At all times hereinafter mentioned, Plaintiff Sayot Alphonse was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 1984 to present.

20. At all times hereinafter mentioned, Plaintiff Alberto Prado was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

21. At all times hereinafter mentioned, Plaintiff Maurice Schwarte was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

22. At all times hereinafter mentioned, Plaintiff Abella Bouale was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1997 to present.

23. At all times hereinafter mentioned, Plaintiff Denzil Hannah was a natural person and a resident of Massachusetts; and an employee of Defendants from 1985 to present.

24. At all times hereinafter mentioned, Plaintiff Milad Barsoum was a natural person and a resident of New Jersey; and an employee of Defendants from 1987 to present.

25. At all times hereinafter mentioned, Plaintiff Moazzemul Haque was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

26. At all times hereinafter mentioned, Plaintiff Arun Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1989 to present.

27. At all times hereinafter mentioned, Defendant Amedeo Hotels Limited Partnership ("Amedeo") was a domestic limited partnership, Plaintiffs' employer and an enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

28. At all times hereinafter mentioned, Defendant NWPH, LLC ("NWPH") was a foreign limited liability company, Plaintiffs' employer and an enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

### *JURISDICTION & VENUE*
29. Jurisdiction is proper in this Court as this action seeks equitable, declaratory and monetary relief pursuant to NYLL §§ 198 and 663; and the amount in controversy exceeds the monetary limit of all lower courts.

30. Venue is proper in this Court as Plaintiff Smith resides in Kings County, New York; and Plaintiffs have designated Kings County as the place of trial.

### *FACTS*
31. Defendants employed Plaintiffs as full-time, in-room dining servers at their facility known as the New York Palace Hotel and located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods. During their respective tenures, Defendants directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

32. Plaintiffs' primary duties were preparing, assembling and serving in-room dining and banquet orders; attending to in-room diners; collecting payment; customer service and meal clean-up, *inter alia*. In exchange for their labor, Defendants paid Plaintiffs: 1) hourly wages, 2) amounts purported to be gratuities/service charges, and 3) amounts labeled as 'labor fees'.

33. During Plaintiffs' respective tenures, Plaintiffs worked approximately 50 hours per week, at Defendants' behest, in order to complete all assigned tasks, including but not limited to Defendants' hospitality events and banquets. In the discharge of their duties, Plaintiffs used goods traveling in interstate commerce, including food and condiments; and instrumentalities of interstate commerce, including the wires and mails.

4

34. During Plaintiffs' respective tenures, Defendants imposed mandatory 20% (or greater) gratuities or service charges upon their customers, and also charged them hourly labor fees. The hourly labor fee was $102.11.

35. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts purported to be gratuities, by directly or indirectly compelling each Plaintiff to share his or her gratuities with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 40% of their gratuities to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

36. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as labor fees, by directly or indirectly compelling each Plaintiff to share his or her labor fees with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their labor fee to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

37. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs time and one-half of their respective 'regular rates' for all hours worked beyond forty (40) per week inasmuch as Defendants excluded the amounts purported to be gratuities and/or labor fees from the calculation of Plaintiffs' overtime pay, although the amounts purported to be gratuities and/or labor fees were payment for hours worked and Defendants treated those amounts as such and charged their customers sales tax thereon.

38. Throughout the tenures of all instant Plaintiffs, Defendants failed to provide Plaintiffs with clear and accurate wage statements that indicated the amounts each received as gratuities and labor fees; and the amounts which Defendants deducted from their wage payments or required Plaintiffs to pay to third parties. During that same time, Defendants failed and refused to furnish to Plaintiffs, of their own accord and upon request, an explanation of how their wages, gratuities and labor fees were computed.

39. Plaintiffs, personally and through counsel, have requested and demanded the entire amount of all gratuities, labor fees and overtime to which they are entitled, but Defendants to date have failed and refused to pay the same.

40. Defendants' conduct was wanton and willful, and was not based on advice of counsel nor guidance from a competent court or governmental agency.

41. Plaintiffs have been damaged in amounts not presently ascertainable and are entitled to full relief as proven at trial.

## FIRST CAUSE OF ACTION
Unpaid Gratuities – New York Labor Law § 196-d

42. Plaintiffs repeat the foregoing paragraphs in their entirety.

5

43. As a result of the foregoing, Defendants violated NYLL § 196-d and Plaintiffs are entitled to recover their unpaid gratuities/service charges and labor fees from Defendants.

44. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

45. Defendants' violation of the NYLL was willful, as indicated above.

## SECOND CAUSE OF ACTION
Unpaid Wage Deductions – New York Labor Law § 193

46. Plaintiffs repeat the foregoing paragraphs in their entirety.

47. As a result of the foregoing, Defendants violated NYLL § 193 and Plaintiffs are entitled to recover their unpaid wage deductions from Defendants.

48. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

49. Defendants' violation of the NYLL was willful, as indicated above.

## THIRD CAUSE OF ACTION
Unpaid Kick Backs – New York Labor Law § 198-b

50. Plaintiffs repeat the foregoing paragraphs in their entirety.

51. As a result of the foregoing, Defendants violated NYLL § 198-b and Plaintiffs are entitled to recover their unpaid kick backs from Defendants.

52. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

53. Defendants' violation of the NYLL was willful, as indicated above.

## FOURTH CAUSE OF ACTION
Recordkeeping – New York Labor Law § 195

54. Plaintiffs repeat the foregoing paragraphs in their entirety.

55. As a result of the foregoing, Defendants violated NYLL § 195 and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants.

56. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

57. Defendants' violation of the NYLL was willful, as indicated above.

## FIFTH CAUSE OF ACTION
Unpaid Wages – New York Labor Law § 191

58. Plaintiffs repeat the foregoing paragraphs in their entirety.

6

59. As a result of the foregoing, Defendants violated NYLL § 191 and Plaintiffs are entitled to recover their unpaid wages, including gratuities/service charges and labor fees, from Defendants.

60. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

61. Defendants' violation of the NYLL was willful, as indicated above.

## SIXTH CAUSE OF ACTION
Unpaid Overtime – New York Labor Law § 652

62. Plaintiffs repeat the foregoing paragraphs in their entirety.

63. As a result of the foregoing, Defendants violated NYLL § 652 and Plaintiffs are entitled to recover their unpaid overtime from Defendants.

64. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

65. Defendants' violation of the NYLL was willful, as indicated above.

## SEVENTH CAUSE OF ACTION
Unpaid Overtime – FLSA § 207

66. Plaintiffs repeat the foregoing paragraphs in their entirety.

67. As a result of the foregoing, Defendants violated FLSA § 207 and Plaintiffs are entitled to recover their unpaid overtime from Defendants.

68. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

69. Defendants' violation of the FLSA was willful, as indicated above.

## PRAYER FOR RELIEF
Plaintiffs respectfully request that this Court grant the following relief:

70. Award Plaintiffs:

    A. A declaration that Defendants' violated the NYLL and FLSA, and an injunction prohibiting Defendants from continuing the above mentioned employment practices;
    B. Unpaid gratuities and labor fees under the NYLL;
    C. Unpaid wage deductions under the NYLL;
    D. Unpaid wages under the NYLL;
    E. Unpaid overtime under the NYLL and FLSA;
    F. Liquidated damages under NYLL and FLSA;
    G. Civil Penalties and liability for record-keeping violations;
    H. Prejudgment interest; and
    I. Attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand declaratory and injunctive relief; and judgment for unpaid wages, gratuities, labor fees, wage deductions and overtime; liquidated damages; civil penalties, attorney's fees, costs and disbursements of this action.

Dated:  Brooklyn, New York

August 5, 2012

LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

8

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
------------------------------------------------------X
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,
JOHNNY RAMIREZ,
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,
WALTER GARCIA,
ASHIF MIRU,
BISWA SAHA,
SAYOT ALPHONSE,
ALBERTO PRADO,
MAURICE SCHWARTE,
ABELLA BOUALE,
DENZIL HANNAH,
MILAD BARSOUM,
MOAZZEMUL HAQUE,
ARUN SAHA,

INDEX NO.  20502/11

**AFFIRMATION OF**
**MAILING**

Plaintiffs,

-against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

Defendants.
------------------------------------------------------X

**DAVID C. WIMS**, an attorney duly admitted to practice law before the Courts of the State of

New York, affirms the truth of the following under penalty of perjury:

1. I am the attorney for Plaintiffs herein, and as such, I am fully familiar with the facts of this

case.

1

2.  I am not a party to the action, am over 18 years of age and reside at 229 East 95th St., # 1R, Brooklyn, NY 11212.

3.  On August 7, 2012 at 5:00 pm, I served the annexed Third Amended Complaint, by depositing a copy addressed to Defendants' counsel: **Kane Kessler, PC, 1350 Avenue of the Americas, New York, NY 10019-4896 and Stokes, Roberts & Wagner, ALC, 1405 Hanshaw Road, Ithaca, NY 14850**, in postage paid envelopes, into an official depository under the exclusive care and custody of the United States Postal Service in the State of New York.

Dated:  Brooklyn, New York

August 7, 2012

LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq.
*Attorney for Plaintiffs*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

2

INDEX #: 20502/11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
------------------------------------------------------------------------X
RUBEN DIAZ, et al,

Plaintiffs,

-against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,

Defendants.

------------------------------------------------------------------------X

## <u>THIRD AMENDED COMPLAINT</u>

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq.
1430 Pitkin Avenue, 2nd Floor
Brooklyn, New York 11233
(646) 393-9550

This certification, pursuant to 22 N.Y.C.R.R. Part 130-1.1-a,

applies to the following within papers:

(1)  Third Amended Complaint

Dated:  August 5, 2012

Signature _____

David C. Wims

# EXHIBIT H

# REQUEST FOR JUDICIAL INTERVENTION
### UCS-840 (3/2011)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |

**Supreme** COURT, COUNTY OF **Kings**

Index No: _____ **20502/2011** _____ Date Index Issued: _____ **09/08/2011**

| Judge Assigned |
|---|
| |

| RJI Date |
|---|
| |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Ruben Diaz, Rene Fernandez, Mohammed Ismat, Pradip Saha, Ramandra Saha, Maxine Smith, Abdur Raquib, Johnny Ramirez, Magdy Saad, Walter Freire, Mozibur Rahman, Christopher Stavropoulos, Abdur Rahman and Syed Ahmed

**Plaintiff(s)/Petitioner(s)**

-against-

Amedeo Hotels Limited Partnership and NWPH, LLC

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING:
Check ONE box only and specify where indicated.

### MATRIMONIAL
- ○ Contested
- ○ Uncontested
  - **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.**

### TORTS
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____ (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____ (specify)
- ○ Other Negligence: _____ (specify)
- ○ Other Professional Malpractice: _____ (specify)
- ○ Other Tort: _____ (specify)

### OTHER MATTERS
- ○ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ⊙ Other: Unpaid wages and gratuities _____ (specify)

### COMMERCIAL
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____ (specify)
  - **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

### REAL PROPERTY: How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure
- Property Address: _____ Street Address / City / State / Zip
  - **NOTE:** For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____ (specify)

### SPECIAL PROCEEDINGS
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____ (specify)
- ○ Other Special Proceeding: _____ (specify)

## STATUS OF ACTION OR PROCEEDING:
Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ⊙ | ○ | If yes, date filed: 09/22/2011 |
| Is this action/proceeding being filed post-judgment? | ○ | ⊙ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**     Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion      Relief Sought: _____     Return Date: _____
- ○ Notice of Petition     Relief Sought: _____     Return Date: _____
- ○ Order to Show Cause    Relief Sought: _____     Return Date: _____
- ○ Other Ex Parte Application   Relief Sought: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES:**     List any related actions.  For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES:**    If additional space is required, complete and attach the **RJI Addendum**. For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Diaz    *Last Name* <br> Ruben    *First Name* / *Primary Role:* <br> Plaintiff    *Secondary Role (if any):* | Wims    *Last Name*    David    *First Name* <br> Law Office of David Wims    *Firm Name* <br> 1430 Pitkin Avenue, 2nd Floor   Brooklyn   New York   11233 <br> *Street Address*    *City*    *State*    *Zip* <br> +1 (646) 393-9550   +1 (646) 393-9552   davidwims@hotmail.com <br> *Phone*    *Fax*    *e-mail* | ◉YES <br><br> ○NO | |
| ☐ | Fernandez    *Last Name* <br> Rene    *First Name* / *Primary Role:* <br> Plaintiff    *Secondary Role (if any):* | Wims    *Last Name*    David    *First Name* <br> Law Office of David Wims    *Firm Name* <br> 1430 Pitkin Avenue, 2nd Floor   Brooklyn   New York   11233 <br> *Street Address*    *City*    *State*    *Zip* <br> +1 (646) 393-9550   +1 (646) 393-9552   davidwims@hotmail.com <br> *Phone*    *Fax*    *e-mail* | ◉YES <br><br> ○NO | |
| ☐ | Ismat    *Last Name* <br> Mohammed    *First Name* / *Primary Role:* <br> Plaintiff    *Secondary Role (if any):* | Wims    *Last Name*    David    *First Name* <br> Law Office of David Wims    *Firm Name* <br> 1430 Pitkin Avenue, 2nd Floor   Brooklyn   New York   11233 <br> *Street Address*    *City*    *State*    *Zip* <br> +1 (646) 393-9550   +1 (646) 393-9552   davidwims@hotmail.com <br> *Phone*    *Fax*    *e-mail* | ◉YES <br><br> ○NO | |
| ☐ | Saha    *Last Name* <br> Pradip    *First Name* / *Primary Role:* <br> Plaintiff    *Secondary Role (if any):* | Wims    *Last Name*    David    *First Name* <br> Law Office of David Wims    *Firm Name* <br> 1430 Pitkin Avenue, 2nd Floor   Brooklyn   New York   11233 <br> *Street Address*    *City*    *State*    *Zip* <br> +1 (646) 393-9550   +1 (646) 393-9552   davidwims@hotmail.com <br> *Phone*    *Fax*    *e-mail* | ◉YES <br><br> ○NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: 01/30/2012 _____      _~~~signature~~~_

                 **SIGNATURE**

4207874                    David C. Wims, Esq.

**ATTORNEY REGISTRATION NUMBER**         **PRINT OR TYPE NAME**

Print Form

**Print Form**

## Request for Judicial Intervention Addendum

UCS-840A (3/2011)

**Supreme** _____ **COURT, COUNTY OF** _____ **Kings** _____ **Index No:** _____ **20502/2011**

**For use when additional space is needed to provide party or related case information.**

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys:<br>Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Saha — Last Name<br>Ramandra — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |
| ☐ | Smith — Last Name<br>Maxine — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |
| ☐ | Raquib — Last Name<br>Abdur — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |
| ☐ | Ramirez — Last Name<br>Johnny — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |
| ☐ | Saad — Last Name<br>Magdy — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |
| ☐ | Freire — Last Name<br>Walter — First Name<br>Primary Role:<br>Plaintiff<br>Secondary Role (if any): | Wims — Last Name   David — First Name<br>Law Office of David Wims — Firm Name<br>1430 Pitkin Avenue, 2nd Floor — Street Address   Brooklyn — City   New York — State   11233 — Zip<br>+1 (646) 393-9550 — Phone   +1 (646) 393-9552 — Fax   davidwims@hotmail.com — e-mail | ⊙ YES<br>○ NO | |

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Print Form

# Request for Judicial Intervention Addendum

UCS-840A (3/2011)

**Supreme** _____ **COURT, COUNTY OF** _____ **Kings** _____ **Index No:** _**20502/2011**_

**For use when additional space is needed to provide party or related case information.**

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Rahman _Last Name_<br>Mozibur _First Name_<br>Plaintiff _Primary Role_<br>_Secondary Role (if any):_ | Wims _Last Name_  David _First Name_<br>Law Office of David Wims _Firm Name_<br>1430 Pitkin Avenue, 2nd Floor _Street Address_  Brooklyn _City_  New York _State_  11233 _Zip_<br>+1 (646) 393-9550 _Phone_  +1 (646) 393-9552 _Fax_  davidwims@hotmail.com _e-mail_ | ⦿ YES<br>◯ NO | |
| ☐ | Stavropoulos _Last Name_<br>Christopher _First Name_<br>Plaintiff _Primary Role_<br>_Secondary Role (if any):_ | Wims _Last Name_  David _First Name_<br>Law Office of David Wims _Firm Name_<br>1430 Pitkin Avenue, 2nd Floor _Street Address_  Brooklyn _City_  New York _State_  11233 _Zip_<br>+1 (646) 393-9550 _Phone_  +1 (646) 393-9552 _Fax_  davidwims@hotmail.com _e-mail_ | ⦿ YES<br>◯ NO | |
| ☐ | Rahman _Last Name_<br>Abdur _First Name_<br>Plaintiff _Primary Role_<br>_Secondary Role (if any):_ | Wims _Last Name_  David _First Name_<br>Law Office of David Wims _Firm Name_<br>1430 Pitkin Avenue, 2nd Floor _Street Address_  Brooklyn _City_  New York _State_  11233 _Zip_<br>+1 (646) 393-9550 _Phone_  +1 (646) 393-9552 _Fax_  davidwims@hotmail.com _e-mail_ | ⦿ YES<br>◯ NO | |
| ☐ | Ahmed _Last Name_<br>Syed _First Name_<br>Plaintiff _Primary Role_<br>_Secondary Role (if any):_ | Wims _Last Name_  David _First Name_<br>Law Office of David Wims _Firm Name_<br>1430 Pitkin Avenue, 2nd Floor _Street Address_  Brooklyn _City_  New York _State_  11233 _Zip_<br>+1 (646) 393-9550 _Phone_  +1 (646) 393-9552 _Fax_  davidwims@hotmail.com _e-mail_ | ⦿ YES<br>◯ NO | |
| ☐ | Amedeo Hotels Limited Partnership _Last Name_<br>_First Name_<br>Defendant _Primary Role_<br>_Secondary Role (if any):_ | Wagner _Last Name_  Paul _First Name_<br>Stokes, Roberts & Wagner, ALC _Firm Name_<br>1405 Hanshaw Road _Street Address_  Ithaca _City_  New York _State_  14850 _Zip_<br>+1 (607) 257-5165 _Phone_  +1 (607) 257-6293 _Fax_  pwagner@stokesroberts.com _e-mail_ | ⦿ YES<br>◯ NO | |
| ☐ | NWPH, LLC _Last Name_<br>_First Name_<br>Defendant _Primary Role_<br>_Secondary Role (if any):_ | Stoll _Last Name_  Judith _First Name_<br>Kane Kessler, P.C. _Firm Name_<br>1350 Avenue of the Americas _Street Address_  New York _City_  New York _State_  10019-4896 _Zip_<br>+1 (212) 541-6222 _Phone_  _Fax_  _e-mail_ | ⦿ YES<br>◯ NO | |

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Supreme Court of the State of New York
Civic Center
Brooklyn, New York 11201

Jun 08, 2012

KANE KESSLER, P.C.
1350 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK  10019

Index No.: 0020502/2011
Caption: DIAZ,RUBEN

vs.

## PRELIMINARY CONFERENCE REQUIRED NOTICE

This is to advise you that our records indicate that the above referenced case has not had a Preliminary Conference as required by Uniform Court rules 202.19 (b)(1). Therefore you must comply with the following :

You are hereby directed to appear for a Preliminary Conference on **06/26/12** at 9:30am in the "Intake Part" located at 360 Adams Street, Room 923 - Brooklyn NY 11201. **It is your responsibility to notify all other parties in this action of the new date.**

The representative who appears from your office must be fully familiar with and authorized to proceed with this case. The representative should therefore be aware of any scheduling conflicts. Counsel must bring all pertinent and necessary documents, including the bill of particulars, all insurance information and all medical reports. The representative must also be prepared to address any outstanding discovery issues. The failure of such a representative to appear may result in the Preliminary Conference being held ex-parte or other judicial action.

TODAY'S CAL. # _15_   RJI DATE _2_ / _15_ / _2012_   **INTAKE PART**

### PRELIMINARY CONFERENCE ORDER
### PURSUANT TO PART 202 OF THE UNIFORM CIVIL RULES
### FOR THE SUPREME COURT KINGS COUNTY

HON. _Mark I. Parknow_   DATE _6_ / _26_ / ~~200~~ _2012_

```
Ruben Diaz, et al.,
                    Plaintiff(s)

        -against-

Amedeo Hotels Ltd.
Partnership, et al.,
                    Defendant(s)
```

Index # _20502_ / _2011_

Compliance Conference shall be held
in IAS Part CCP on _2/28_ ,200_13_ at
9:30am

_2/28/13_

**FAILURE OF COUNSEL TO ATTEND THE COMPLIANCE CONFERENCE MAY RESULT IN THE IMPOSITION OF SANCTIONS**

**PRINT NAME**

ATTORNEY FIRM _LAW OFFICE OF DAVID WIMS_ by _DAVID Q WIMS_ FOR PLAINTIFF
ATTORNEY FIRM _Kane Kessler, P.C._ by _Alexander Soric_ FOR DEFENDANT _NWPH, L_
ATTORNEY FIRM _Stokes Roberts & Wagner_ by _Paul Wagner_ FOR DEFENDANT _Amedeo's_
(By phone) conference ATTORNEY FIRM _____ by _____ FOR DEFENDANT

**THE DISCOVERY END DATE/NOTE OF ISSUE DUE DATE IS _4_ / _15_ /200 _13_**

**IT IS HEREBY ORDERED THAT THIS ACTION IS ASSIGNED TO THE**

_____ **EXPEDITED**   _____ **STANDARD**   _✓_ **COMPLEX  TRACK**
**AND DISCLOSURE SHALL PROCEED AS FOLLOWS:**

I.    WRITE PLAINTIFF'S MOST SEVERE INJURY:_____

II.   TYPE OF CASE    ____ MOTOR VEHICLE
                      ____ PREMISES LIABILITY
                      ____ PROFESSIONAL MALPRACTICE (MED MAL ETC.)
                      ____ OTHER. BRIEFLY DESCRIBE:_____
                      ____ CONTRACT
                      _✓_ LABOR LAW ( WAGE )

III.  ☐   CPLR 325(D) Eligible upon **further order**
      :

IV.   INSURANCE COVERAGE (INCLUDING EXCESS AND/OR UMBRELLA COVERAGE)
      DEFENDANT_____   DEFENDANT_____   N/A
      ☐ IF NOT FURNISHED, PLAINTIFF TO BE ADVISED IN WRITING BY_____/_____/200_

**PRELIMINARY CONFERENCE ORDER**

Rev. 06/05

## PRELIMINARY CONFERENCE ORDER

V.  BILL OF PARTICULARS: ☑ 1A. SUBMITTED: SATISFACTORY ☐ 1B. UNSATISFACTORY
(INDICATE WHY): _____

☐ 2. AMPLIFIED BILL OF PARTICULARS TO BE SERVED BY_____
☐ 3. DEFENDANT _____ TO PROVIDE A VERIFIED BILL OF PARTICULARS
AS TO AFFIRMATIVE DEFENSES WITHIN ____ DAYS.

VI.  MEDICAL AND HOSPITAL AUTHORIZATIONS TO THE EXTENT NOT PREVIOUSLY
PROVIDED:

☐ 1. FURNISHED

☐ 2. HIPAA COMPLIANT MEDICAL AUTHORIZATIONS FOR RECORDS AND HOSPITAL
AUTHORIZATIONS TO BE SERVED BY_____ / / _____ / 200____.

☐ 3. PLAINTIFF(S) SHALL PROVIDE AUTHORIZATIONS TO OBTAIN COPIES OF THE ACTUAL
RECORDS OF ALL TREATING AND EXAMINING HEALTH CARE PROVIDERS, INCLUDING
DIAGNOSTIC TESTS, X-RAYS, MRIs, EMGs, CT SCANS, FOR INJURIES SPECIFIED IN THE BILL OF
PARTICULARS WITHIN ____ DAYS.

☐ 4. PLAINTIFF(S), WITHIN 60 DAYS AFTER FILING NOTE OF ISSUE, MUST SERVE DEFENDANT(S)
WITH FRESH HIPAA COMPLIANT AUTHORIZATIONS FOR ALL KNOWN HEALTH CARE
PROVIDERS.

VII.  PHYSICAL EXAMINATION:

☐ 1A. HELD☐ 1B. WAIVED   ☐1C. EXAM OF the Plaintiff TO BE HELD WITHIN_____ DAYS
FOLLOWING THE CONCLUSION OF PLAINTIFF'S EBT.
☐ 2A. PHYSICIANS REPORT FURNISHED
☐ 2B. COPY OF PHYSICIANS' REPORTS TO BE FURNISHED TO PLAINTIFF WITHIN_____ DAYS
OF EXAMINATION.

VIII.  EXAMINATION        ☐    PLAINTIFF    ☐ DEFENDANTS  ☑ALL PARTIES
BEFORE TRIAL                 TO BE HELD ON / / 1 3 / 200  2012
                             AT ☐ COURT REPORTER _____
                             AT ☐ OFFICE OF _____
                             AT ☑ A LOCATION TO BE AGREED UPON

                      ☐    HELD (EXCEPT:_____)
                      ☐    WAIVED

IX.  OTHER DISCLOSURE: ☐ 1. NONE

              ☑ 2.  ALL PARTIES TO EXCHANGE NAMES AND ADDRESSES OF ALL
                    WITNESSES, OPPOSING PARTIES STATEMENTS, PHOTOGRAPHS,
                    SURVEILLANCE TAPES AND ACCIDENT REPORTS PREPARED IN
                    THE ORDINARY COURSE OF BUSINESS.  IF NONE, AN
                    AFFIRMATION TO THAT EFFECT SHALL BE PROVIDED.

              ☐ 3.  AUTHORIZATION FOR PLAINTIFF(S) FOR YEAR BEFORE, YEAR
                    OF, YEAR AFTER:
                    ☐ EMPLOYMENT ATTENDANCE RECORDS
                    ☑ IRS IF SELF-EMPLOYED OR W-2

              ☐ 4.  PLAINTIFF TO PROVIDE NO-FAULT/ COLLATERAL SOURCE
                    AUTHORIZATIONS.

              ABOVE TO BE COMPLETED WITHIN _____ DAYS.

              ☑ 5.  ALL PARTIES SHALL SUPPLY EXPERT WITNESS DISCLOSURE
                    PURSUANT TO THE CPLR.

## PRELIMINARY CONFERENCE ORDER

## PRELIMINARY CONFERENCE ORDER

☑ 6.  Plaintfs' responses to Defendants' demands for production of documents and interrogatories

X.  **IMPLEADER ACTIONS**
 1. / NONE
 ☐ 2. ALREADY COMMENCED
 ☑ 3. TO BE COMPLETED WITHIN____DAYS AFTER COMPLETION OF EBTs

XI.  **ADDITIONAL DIRECTIVES:**  SEE ATTACHED PAGE FOR ADDITIONAL DIRECTIVES.

IN THE EVENT OF NON-COMPLIANCE WITH THE TERMS OF THIS ORDER, COSTS OR OTHER SANCTIONS MAY BE IMPOSED.

THE PARTIES HAVING APPEARED FOR A PRELIMINARY CONFERENCE ON THIS DATE HAVE REVIEWED THE TERMS AND/OR CONDITIONS OF THIS ORDER AND HEREBY CONSENT TO SAME.

ATTORNEY: DAVID G WIMS     FOR PLAINTIFF: ALL

ATTORNEY: Alexander Sovie     FOR DEFENDANT: NWPH, LLC

(BY PHONE) ATTORNEY: PAUL WAGNER     FOR DEFENDANT: AMGDCO

ATTORNEY:_____     FOR DEFENDANT:_____

COURT ATTORNEY_____

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

DATED 6/26/2012  ENTER _____
                                    _J.S.C._

**ALL DATES CONTAINED HEREIN RELATING TO THE COMPLETION OF ITEMS IN THIS ORDER MUST BE ADHERED TO. COUNSEL MAY NOT ENTER INTO ANY ADJOURNMENTS WITHOUT FURTHER ORDER OF THIS COURT.**

## PRELIMINARY CONFERENCE ORDER

Rev.05/06