UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RUBEN DIAZ,
RENE FERNANDEZ,
MOHAMMED ISMAT,
PRADIP SAHA,
RAMANDRA SAHA,
MAXINE SMITH,
ABDUR RAQUIB,
JOHNNY RAMIREZ,
MADGY SAAD,
WALTER FREIRE,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,
ABDUR RAHMAN,
SYED AHMED,
WALTER GARCIA,
ASHIF MIRU,
BISWA SAHA,
SAYOT ALPHONSE,
ALBERTO PRADO,
MAURICE SCHWARTE,
ABELLA BOUALE,
DENZIL HANNAH,
MILAD BARSOUM,
MOAZZEMUL HAQUE,
ARUN SAHA,

Civil Action No. 12CV4418
(DLI)(JMA)

**FIFTH AMENDED**
**COMPLAINT**

Jury Trial Demanded

                                Plaintiffs,

            -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,
NORTHWOOD HOSPITALITY, LLC,

                                Defendants.

-------------------------------------------------------X

1

**PLEASE TAKE NOTICE** that Plaintiffs, hereby amend their complaint on consent, and complaining of the Defendants by their attorney, David C. Wims, allege as follows:

## INTRODUCTORY STATEMENT

1. This is an action at law and in equity, by employees against their employers for unpaid, deducted and/or misappropriated wages and gratuities, arising under Articles 6 and 19 of the New York Labor Law ("NYLL"); and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

2. Plaintiffs seek declaratory and injunctive relief and damages for Defendants' violations of NYLL §§ 196-d, 193, 198-b, 195, 191, 652; and FLSA, 29 U.S.C. § 207.

## JURISDICTION & VENUE

3. Jurisdiction is proper in this Court pursuant to Defendants' removal of this action from state court pursuant to 28 U.S.C. § 1441, and under 28 U.S.C. §§ 1331 & 1332, 29 U.S.C. § 216 and 28 U.S.C. §§ 2201 & 2202. In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Plaintiff Smith resides and Defendants conduct business in Kings County, New York; and Plaintiffs have designated Kings County as the place of trial. In addition, Defendants removed this action from the Supreme Court of the State of New York, County of Kings.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1982 to present.

6. At all times hereinafter mentioned, Plaintiff Rene Fernandez was a natural person and a resident of Bogota, New Jersey; and an employee of Defendants from 1982 to present.

7. At all times hereinafter mentioned, Plaintiff Mohammed Ismat was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

8. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

9. At all times hereinafter mentioned, Plaintiff Ramandra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1995 to present.

10. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 2002 to present.

2

11. At all times hereinafter mentioned, Plaintiff Abdur Raquib was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1981 to present.

12. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2002 to present.

13. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendants from 1998 to present.

14. At all times hereinafter mentioned, Plaintiff Walter Freire was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 2000 to present.

15. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

16. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2001 to present.

17. At all times hereinafter mentioned, Plaintiff Abdur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1997 to present.

18. At all times hereinafter mentioned, Plaintiff Syed Ahmed was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 2003 to present.

19. At all times hereinafter mentioned, Plaintiff Walter Garcia was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1986 to present.

20. At all times hereinafter mentioned, Plaintiff Ashif Miru was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

21. At all times hereinafter mentioned, Plaintiff Biswa Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1986 to present.

22. At all times hereinafter mentioned, Plaintiff Sayot Alphonse was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendants from 1984 to present.

23. At all times hereinafter mentioned, Plaintiff Alberto Prado was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1998 to present.

24. At all times hereinafter mentioned, Plaintiff Maurice Schwarte was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1985 to present.

25. At all times hereinafter mentioned, Plaintiff Abella Bouale was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1997 to present.

26. At all times hereinafter mentioned, Plaintiff Denzil Hannah was a natural person and a resident of Massachusetts; and an employee of Defendants from 1985 to present.

27. At all times hereinafter mentioned, Plaintiff Milad Barsoum was a natural person and a resident of New Jersey; and an employee of Defendants from 1987 to present.

28. At all times hereinafter mentioned, Plaintiff Moazzemul Haque was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendants from 1984 to present.

29. At all times hereinafter mentioned, Plaintiff Arun Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendants from 1989 to present.

30. At all times hereinafter mentioned, Defendant Amedeo Hotels Limited Partnership ("Amedeo") was a domestic limited partnership, Plaintiffs' employer and an enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

31. At all times hereinafter mentioned, Defendant NWPH, LLC ("NWPH") was a foreign limited liability company, Plaintiffs' employer and an enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

32. At all times hereinafter mentioned, Defendant Northwood Hospitality, LLC ("Northwood") was a foreign limited liability company, Plaintiffs' employer and an enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, *inter alia*.

*FACTS*

33. Defendants employed Plaintiffs as full-time, in-room dining servers at their facility known as the New York Palace Hotel and located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods. During their respective tenures, Defendants directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

4

34. Plaintiffs' primary duties were preparing, assembling and serving in-room dining and banquet orders; attending to in-room diners; collecting payment; customer service and meal clean-up, *inter alia*. In exchange for their labor, Defendants paid Plaintiffs: 1) hourly wages, 2) amounts purported to be gratuities/service charges, including 'cover charges'; and 3) amounts labeled as 'labor fees'.

35. During Plaintiffs' respective tenures, Plaintiffs worked approximately 50 hours per week, at Defendants' behest, in order to complete all assigned tasks, including but not limited to Defendants' hospitality events and banquets. In the discharge of their duties, Plaintiffs used goods traveling in interstate commerce, including food and condiments; and instrumentalities of interstate commerce, including the wires and mails.

36. During Plaintiffs' respective tenures, Defendants imposed mandatory 20% (or greater) gratuities or service charges upon their customers, and also charged them hourly labor fees. The hourly labor fee was approximately $102.11, on information and belief.

37. Throughout the tenures of all instant Plaintiffs, Defendants referred to the aforementioned amounts purported to be gratuities/service charges and labor fees as "service charge," "tips," "labor fee" and "cover charge" on receipts, contracts, menus, related documents and verbally, thus leading patrons to believe that the charges were gratuities. Defendants failed to take affirmative action to notify their patrons, either verbally or in writing, that these charges were kept by Defendants in part or in whole.

38. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts purported to be gratuities/service charges and/or tips, by directly or indirectly compelling each Plaintiff to share his or her gratuities/service charges and/or tips with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their gratuities/service charges and/or tips to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

39. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as labor fees, by directly or indirectly compelling each Plaintiff to share his or her labor fees with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their labor fees to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

40. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs the full amounts labeled as cover charges, by directly or indirectly compelling each Plaintiff to share his or her cover charges with Defendants, their captains and managers, *inter alia*. Defendants directly or indirectly demanded and required Plaintiffs to pay 50% of their cover charges to the aforementioned persons or entities, or unilaterally deducted the same from Plaintiffs' wages.

41. Throughout the tenures of all instant Plaintiffs, Defendants failed to pay to Plaintiffs time and one-half of their respective 'regular rates' for all hours worked beyond forty (40) per week inasmuch as Defendants excluded the amounts purported to be gratuities/service charges, cover

charges and/or labor fees from the calculation of Plaintiffs' overtime pay, although the amounts purported to be gratuities/service charges, cover charges and/or labor fees were payment for hours worked and Defendants treated those amounts as such and charged their customers sales tax thereon. Defendants also failed to pay all overtime due to Plaintiffs.

42. Throughout the tenures of all instant Plaintiffs, Defendants failed to provide Plaintiffs with clear and accurate wage statements that indicated the amounts each received as gratuities and labor fees; and the amounts which Defendants deducted from their wage payments or required Plaintiffs to pay to third parties. During that same time, Defendants failed and refused to furnish to Plaintiffs, of their own accord and upon request, an explanation of how their wages, gratuities/service charges and labor fees were computed.

43. Plaintiffs, personally and through counsel, have requested and demanded the entire amount of all gratuities/service charges, cover charges, labor fees, wages and overtime to which they are entitled, but Defendants to date have failed and refused to pay the same.

44. Defendants' conduct was wanton and willful, and was not based on advice of counsel nor guidance from a competent court or governmental agency.

45. Plaintiffs have been damaged in amounts not presently ascertainable and are entitled to full relief as proven at trial.

## FIRST CAUSE OF ACTION
Unpaid Gratuities – New York Labor Law § 196-d

46. Plaintiffs repeat the foregoing paragraphs in their entirety.

47. As a result of the foregoing, Defendants violated NYLL § 196-d and Plaintiffs are entitled to recover their unpaid gratuities/service charges, cover charges and/or labor fees from Defendants.

48. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

49. Defendants' violation of the NYLL was willful, as indicated above.

## SECOND CAUSE OF ACTION
Unpaid Wage Deductions – New York Labor Law § 193

50. Plaintiffs repeat the foregoing paragraphs in their entirety.

51. As a result of the foregoing, Defendants violated NYLL § 193 and Plaintiffs are entitled to recover their unpaid wage deductions from Defendants, including gratuities/service charges, cover charges and/or labor fees.

52. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

53. Defendants' violation of the NYLL was willful, as indicated above.

6

**THIRD CAUSE OF ACTION**
Unpaid Kick Backs – New York Labor Law § 198-b

54. Plaintiffs repeat the foregoing paragraphs in their entirety.

55. As a result of the foregoing, Defendants violated NYLL § 198-b and Plaintiffs are entitled to recover their unpaid kick backs from Defendants, including gratuities/service charges, cover charges and/or labor fees.

56. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

57. Defendants' violation of the NYLL was willful, as indicated above.

**FOURTH CAUSE OF ACTION**
Recordkeeping – New York Labor Law § 195

58. Plaintiffs repeat the foregoing paragraphs in their entirety.

59. As a result of the foregoing, Defendants violated NYLL § 195 and Plaintiffs are entitled to recover civil penalties and record-keeping violation liability from Defendants.

60. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

61. Defendants' violation of the NYLL was willful, as indicated above.

**FIFTH CAUSE OF ACTION**
Unpaid Wages – New York Labor Law § 191

62. Plaintiffs repeat the foregoing paragraphs in their entirety.

63. As a result of the foregoing, Defendants violated NYLL § 191 and Plaintiffs are entitled to recover their unpaid wages from Defendants, including gratuities/service charges, cover charges and/or labor fees.

64. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs.

65. Defendants' violation of the NYLL was willful, as indicated above.

**SIXTH CAUSE OF ACTION**
Unpaid Overtime – New York Labor Law § 652

66. Plaintiffs repeat the foregoing paragraphs in their entirety.

67. As a result of the foregoing, Defendants violated NYLL § 652 and Plaintiffs are entitled to recover their unpaid overtime from Defendants, calculated to include gratuities/service charges, cover charges and/or labor fees in the 'regular rate'.

68. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

69. Defendants' violation of the NYLL was willful, as indicated above.

**SEVENTH CAUSE OF ACTION**
Unpaid Overtime – FLSA § 207

70. Plaintiffs repeat the foregoing paragraphs in their entirety.

71. As a result of the foregoing, Defendants violated FLSA § 207 and Plaintiffs are entitled to recover their unpaid overtime from Defendants, calculated to include gratuities/service charges, cover charges and/or labor fees in the 'regular rate'.

72. By reason of the aforesaid failure to pay the same, Plaintiffs have sustained damages.

73. Defendants' violation of the FLSA was willful, as indicated above.

**PRAYER FOR RELIEF**
Plaintiffs respectfully request that this Court grant the following relief:

74. Award Plaintiffs:

   A. A declaration that Defendants' violated the NYLL and FLSA, and an injunction prohibiting Defendants from continuing the above mentioned employment practices;
   B. Unpaid gratuities/service charges, cover charges and/or labor fees under the NYLL;
   C. Unpaid wage deductions under the NYLL;
   D. Unpaid wages under the NYLL;
   E. Unpaid overtime under the NYLL and FLSA;
   F. Liquidated damages under NYLL and FLSA;
   G. Civil Penalties and liability for record-keeping violations under the NYLL;
   H. Prejudgment interest; and
   I. Attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand declaratory and injunctive relief; and judgment for unpaid wages, gratuities/service charges, cover charges, labor fees, wage deductions, kickbacks and overtime; liquidated damages; civil penalties, attorney's fees, costs and disbursements of this action.

75. Plaintiffs hereby demand a jury trial on all issues of fact raised in this complaint.

Dated: Brooklyn, New York

May 9, 2013

                                              LAW OFFICE OF DAVID WIMS
                                              BY: David C. Wims, Esq.
                                                *Attorneys for Plaintiffs*
                                      1430 Pitkin Ave., 2nd Floor
                                                   Brooklyn, NY 11233
                                                     (646) 393-9550

CIVIL ACTION #: 12CV4418

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
RUBEN DIAZ, *et al*

                                  Plaintiffs,

                    -against-

AMEDEO HOTELS LIMITED PARTNERSHIP,
NWPH, LLC,
NORTHWOOD HOSPITALITY, LLC,

                                 Defendants.
-------------------------------------------------------------------------X

## FIFTH AMENDED COMPLAINT

LAW OFFICE OF DAVID WIMS
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
Fax (646) 393-9552

This certification, pursuant to Fed. R. Civ. P. 11,

applies to the following within paper(s):

(1) Fifth Amended Complaint

Dated: May 9, 2013        Signature _____
                                                   David C. Wims