**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**RUBEN DIAZ,** *et al*.,                                          **Docket No. 12 CV 4418 (JMA)**

                  **Plaintiff,**


          **-against-**

**AMEDEO HOTELS LIMITED**
**PARTNERSHIP; NWPH, LLC; and**
**NORTHWOOD HOSPITALITY, LLC,**

                **Defendants.**

-------------------------------------------------------x


### DEFENDANTS NWPH, LLC and NORTHWOOD HOSPITALITY, LLC'S MEMORANDUM OF LAW IN OPPOSITION <u>TO PLAINTIFFS' MOTION FOR RECONSIDERATION</u>


**KANE KESSLER, P.C.**
1350 Avenue of the Americas
New York, N.Y. 10019
(212) 541-6222

*Attorneys for Defendants NWPH, LLC*
*and Northwood Hospitality, LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. *i*

PRELIMINARY STATEMENT ............................................................................ 1

BACKGROUND ................................................................................................... 1

LEGAL STANDARD ........................................................................................... 2

LEGAL ARGUMENT ........................................................................................... 4

I.      PLAINTIFFS' MOTION MUST BE DENIED AS AN IMPROPER
ATTEMPT TO RELITIGATE ISSUES ALREADY DECIDED BY
THE COURT ................................................................................................ 4

      A.     The Court Properly Found That Plaintiffs Are Exempt from
Overtime under the FLSA ................................................................... 4

      B.     Plaintiffs' Remaining Contentions Also Fail to Meet the High
Legal Standard on a Motion for Reconsideration ............................... 5

CONCLUSION ...................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.,
2015 U.S. Dist. LEXIS 172618, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22,
2015) ...................................................................................................................................3

Archer v. TNT USA, Inc.,
12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014) ........................................................................3

Associated Press v. United States Dep't of Defense,
395 F. Supp. 2d 17 (S.D.N.Y. 2005)..................................................................................3

Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.,
233 F.R.D. 355 (S.D.N.Y. 2005) .......................................................................................2

Davidson v. Scully,
172 F. Supp. 2d 458 (S.D.N.Y. 2001)............................................................................2, 5

Flood v. Carlson Rests., Inc.,
2015 U.S. Dist. LEXIS 151654, 2015 WL 6870490 (S.D.N.Y. Nov. 9, 2015).................3

Grand Crossing, L.P. v. United States Underwriters Ins. Co.,
2008 U.S. Dist. LEXIS 80833, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008)....................2

Makas v. Orlando,
2008 U.S. Dist. LEXIS 40541, 2008 WL 2139131 (S.D.N.Y. May 19, 2008) ..................3

Marrero Pichardo v. Ashcroft,
374 F.3d 46 (2d Cir. 2004)................................................................................................2

In re Optimal U.S. Litigation,
813 F. Supp. 2d 383 (S.D.N.Y. 2011)...........................................................................2, 6

Shrader v. CSX Transp., Inc.,
70 F.3d 255 (2d Cir. 1995)............................................................................................2, 5

Simon v. City of New York,
2015 U.S. Dist. LEXIS 87280, 2015 WL 4092389 (S.D.N.Y. July 6, 2015)................3, 6

Stone v. Theatrical Inv. Corp.,
80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) ........................................................................3

United States v. Treacy,
    2009 U.S. Dist. LEXIS 938, 2009 WL 47496 (S.D.N.Y. Jan. 8, 2009) ....................................3

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ................................................................1, 2, 4

29 U.S.C. § 207(i) ........................................................................................................................1

29 U.S.C. § 207(e) ....................................................................................................................4, 5

29 C.F.R. § 779.415 ......................................................................................................................4

## PRELIMINARY STATEMENT

Defendants NWPH, LLC and Northwood Hospitality, LLC (collectively, "NWPH")

respectfully submit this Memorandum of Law in opposition to Plaintiffs' motion pursuant to

Local Rule 6.3 for reconsideration of the portion of the Court's Memorandum & Order dated

March 29, 2016 ("Order"), dismissing Plaintiffs' claim for overtime under the Fair Labor

Standards Act, 29 U.S.C. §§201, *et seq*. ("FLSA").  As set forth below, Plaintiffs' motion should

be summarily denied because it constitutes nothing more than an improper attempt to relitigate

issues properly decided by the Court.

## BACKGROUND[1]

Plaintiffs alleged that they are entitled to overtime under the FLSA.  (Order at 6.)

Defendants counter that plaintiffs are exempt from overtime under the FLSA because they all

qualify for the commissioned salesperson exemption, 29 U.S.C. § 207(i) (the "7(i) exemption").

(Id.)  Mandatory service charges for waiters that are calculated as a percentage of a total banquet

bill qualify as commissions for purposes of the 7(i) exemption.  (Id. at 6-7.)  For an employee to

be exempt under 7(i) the employee must, inter alia, receive more than half of his total

compensation from commissions.  (Id. at 7.)  Plaintiffs conceded, upon Defendants'' motion for

summary judgment, that more than half of Plaintiffs' cash compensation comes from service

charges or commissions.  (Id.)  However, they argued that the calculation for their total

compensation for purposes of the 7(i) exemption must include CBA-mandated benefit

contributions [referred to by Plaintiffs as "non-cash compensation"] that the Hotel made toward

the Union's health, pension, prepaid legal, and training and scholarship funds.  (Order at 7.)  The

---

[1]  A brief recitation of the facts and parties' arguments taken from the Courts' Order are necessary to frame
NWPH's response in opposition.

Court properly rejected Plaintiffs' argument because Plaintiffs ignored the statutory provisions and regulations applicable to CBA-mandated benefits which specifically excluded such non-cash compensation from the calculation of Plaintiffs' total compensation for purposes of the 7(i) exemption.  (Order at 8.)  While Defendants bear the burden of proving that plaintiffs qualify for the 7(i) exemption, the Court properly considered all facts and arguments and found that Defendants met their burden and are entitled to summary judgment on Plaintiffs' FLSA claim. Plaintiffs' motion for reconsideration raises no facts or law overlooked or misconstrued by the Court and should be denied.

**LEGAL STANDARD**

The standard for granting motions for reconsideration is strict.  Such motions under Local Rule 6.3 are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances."  Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Moreover, "a motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court."  Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing Shrader, 70 F.3d at 257).  The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"  In re Optimal U.S. Litigation, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting Grand Crossing, L.P. v. United States Underwriters Ins. Co., No. 03 Civ. 5429, 2008 U.S. Dist. LEXIS 80833, 2008 WL 4525400, at *3 (S.D.N.Y. Oct.

2

6, 2008)); accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.")  Local Rule 6.3 must be "'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'"  Simon v. City of New York, No. 14 Civ. 8391, 2015 U.S. Dist. LEXIS 87280, 2015 WL 4092389, at *1 (S.D.N.Y. July 6, 2015) (quoting United States v. Treacy, No. 08 Cr. 0366, 2009 U.S. Dist. LEXIS 938, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).  Courts have repeatedly warned counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"  Flood v. Carlson Rests., Inc., No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 151654, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) (quoting Makas v. Orlando, No. 06 Civ. 14305, 2008 U.S. Dist. LEXIS 40541, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)).  A motion for reconsideration is not an "'opportunity for making new arguments that could have been previously advanced,'" Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (quoting Associated Press v. United States Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)), nor is it a substitute for appeal.  See Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc., No. 14 Civ. 9494, 2015 U.S. Dist. LEXIS 172618, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22, 2015).  Ultimately, "[t]he determination of whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 376 (E.D.N.Y. 2014) (internal quotation marks and citations omitted).  Applying the foregoing principles, it is clear that Plaintiffs have raised no colorable argument that merits reconsideration.

3

## LEGAL ARGUMENT

### I.   PLAINTIFFS' MOTION MUST BE DENIED AS AN IMPROPER ATTEMPT TO RELITIGATE ISSUES ALREADY DECIDED BY THE COURT

#### A.   The Court Properly Found That Plaintiffs Are Exempt from Overtime under the FLSA

The Court reviewed the applicable statutory provisions and regulations and properly dismissed Plaintiffs' FLSA claim, finding that Plaintiffs are exempt from overtime.  Nonetheless, plaintiffs contend that the Court "misapplied 29 C.F.R. § 779.415 to the facts at bar" because "[t]he Court incorrectly found that non-cash compensation is excludable from the total compensation calculation."  (Pl. Br. at 3-5.)  Section 779.415(a) states in relevant part that:

> [i]n determining for purposes of section 7(i) whether more than half of an employee's compensation "represents commissions on goods or services" it is necessary first to total all compensation paid to or on behalf of the employee as remuneration for his employment during the period.  All such compensation in whatever form or by whatever method paid should be included, whether calculated on a time, piece, incentive or other basis, and amounts representing any board, lodging or other facilities furnished should be included in addition to cash payments . . . .  Payments excludable from the employee's "regular rate" under section 7(e) may be excluded from this computation if, but only if, they are payments of a kind not made as compensation for his employment during the period. (See part 778 of this chapter.)

29 C.F.R. § 779.415(a) (emphasis supplied).  Without citation to any case law or other legal authority, Plaintiffs now argue that when computing an employee's total compensation for the purposes of the 7(i) exemption, that non-cash payments (i.e., health insurance, retirement contributions, etc.) are "excludable" solely from the "regular rate" calculation under 29 U.S.C. § 207(e) and are not excludable from the total compensation calculation in Section 779.415(a) for purposes of the 7(i) exemption.  (See Pl. Br. at 4.)  Not only are Plaintiffs' attempting to

4

418223v3

relitigate an issue already considered and decided by this Court, they are simply wrong on the merits.

Plaintiffs' strained interpretation of the last sentence of Section 779.415(a) is contrary to its straight-forward and plain meaning. The plain language of Section 779.415(a) states that such payments may be excludable "from this computation" – meaning from the "total compensation" computation for purposes of the 7(i) exemption; similar to the excludable payments under 29 U.S.C. § 207(e). If Plaintiffs' interpretation was credited, there would be no need for the reference in Section 779.415(a) of the regular rate calculation under 29 U.S.C. §207(e). Moreover, Plaintiffs' interpretation of this clear language makes no sense. The only logical interpretation of the provision's language is that the payments excludable in the regular rate calculation for overtime purposes under 29 U.S.C. § 207(e) are <u>also</u> payments that are excludable in the total compensation calculation in Section 779.415(a). Plaintiffs are impermissibly attempting to relitigate now a claim they lost with arguments they failed to raise in their opposition brief. The Court correctly interpreted the applicable statutory provisions and regulations and, moreover, Plaintiffs have not shown any exceptional circumstances or pointed to any controlling decisions or data that the Court overlooked that might reasonably be expected to alter the conclusion reached by the Court. <u>See</u> <u>Shrader</u>; <u>Davidson</u>, <u>supra</u>.

B.    <u>Plaintiffs' Remaining Contentions Also Fail to Meet the High Legal Standard on a Motion for Reconsideration</u>

None of Plaintiffs' remaining contentions merit reconsideration. For example, Plaintiffs argue that the Court "incorrectly assigned the burden of proof on the motions to Plaintiffs", but fail to explain how the burden was placed upon them. (Pl. Br. at 7.) The Court properly

5

reviewed and considered the applicable statutory provisions and regulations, ignored by Plaintiffs in their opposition brief, and properly found that Defendants had met their burden. Plaintiffs further speculate that the court "did not construe the facts most favorable" to Plaintiffs, but offer no support for such speculation and, in any event, it is not a proper ground for reconsideration. Finally, Plaintiffs' last claim, that the "Court's Order is contrary to the FLSA's purposes," (Pl. Br. at 8), is also is also baseless and not a proper ground for reconsideration. In short, all of Plaintiffs' arguments in support of their motion for reconsideration amount to nothing more than repetitive arguments on issues that have been considered fully and properly decided by the Court. See Simon, In re Optimal U.S. Litigation, supra.

## CONCLUSION

Because Plaintiffs have failed to show any "exceptional circumstances" or point to any controlling decisions or data that the Court overlooked that might reasonably be expected to alter the conclusion reached by the Court and, at bottom, Plaintiffs are simply attempting to relitigate issues already decided by the Court, Plaintiffs' motion for reconsideration under Local Rule 6.3 should be denied in all respects.


Dated: New York, N.Y.
       April 26, 2016

                                        Respectfully submitted,

                                        KANE KESSLER, P.C.
                                        Attorneys for Defendants, NWPH, LLC and
                                        Northwood Hospitality, LLC

                                        By:____/s/ AS_____
                                            Alexander Soric (AS-3305)
                                        1350 Avenue of the Americas
                                        New York, N.Y. 10019
                                        (212) 541-6222

418223v3                                    6