IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
Brooklyn Division

| | |
|---|---|
| RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED ISMAT, PRADIP SAHA, RAMANDRA SAHA, MAXINE SMITH, ABDUR RAQUIB, JOHNNY RAMIREZ, MADGY SAAD, WALTER FREIRE, MOZIBUR RAHMAN, CHRISTOPHER STAVROPOULOS, ABDUR RAHMAN, SYED AHMED, WALTER GARCIA, ASHIF MIRU, BISWA SAHA, SAYOT ALPHONSE, ALBERTO PRADO, MAURICE SCHWARTE, ABELLA BOUALE, DENZIL HANNAH, MILAD BARSOUM, MOAZZEMUL HAQUE, and ARUN SAHA,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMEDEO HOTELS LIMITED PARTNERSHIP, NWPH, LLC, NORTHWOOD HOSPITALITY, LLC<br><br>    Defendants. | Case No. 1:12-cv-04418-JMA |

**DEFENDANT AMEDEO HOTELS LIMITED PARTNERSHIP'S
OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant Amedeo Hotels Limited Partnership("Amedeo"), respectfully submits this Opposition to plaintiffs' Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b) and Local Rule 6.3.

As plaintiffs acknowledge in their supporting Memorandum, motions for reconsideration are disfavored and are not "vehicles for … taking a second bite at the apple." *See, e.g., Analytical Surveys, Inc. v. Tonga Partners, L.P.* 684 F.3d 36, 52 (2d Cir. 2012). Despite their recognition of this standard, plaintiffs proceed to advance the same arguments they made in their Opposition to Defendants' Motions for Summary Judgment.

This is not an acceptable use of a motion for reconsideration. As noted in *Analytical Surveys, supra,* motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *See also Salveson v. JP Morgan Chase & Co.*, No. 14-CV-3529 (MKB), 2016 WL 740432, at *2 (E.D.N.Y. Feb. 24, 2016) (("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court.").

Plaintiffs have not cited a single case, statute or regulation other than the ones that already were explicitly reviewed and considered by the Court. While the plaintiffs do not agree with the Court's conclusion, they do nothing more than reargue the same assertions they made in their Opposition. There is not a single reported case, to the knowledge of defendant, that adopts plaintiffs' argument that payments made to Union pension or health-care trusts should be considered in the calculation of "total compensation" for purposes of the exemption in 29 U.S.C. § 207(i).

Plaintiffs simply have not established that the Court overlooked any fact or legal authority in interpreting the applicable law. The Court correctly concluded that payments to the Union's pension and other funds should not be included in the calculation of the plaintiffs' regular rate of pay pursuant to 29 U.S.C. § 207(e)(4). Accordingly, 29 C.F.R. §779.415(a)

expressly provides that such payments are excludable from the calculation of compensation under 29 U.S.C. § 207(i).

Moreover, plaintiffs' argument is just as illogical in the present Motion as it was in their original Opposition.  If non-cash employee benefits were considered in determining total compensation for purposes of the 7(i) exemption – or for nearly any other purpose under the FLSA – the statute surely would say so clearly and the case law would reflect it.  Most of the decisions affirming the application of the 7(i) exemption probably would have had different results had the courts in those cases considered benefit payments in determining the exemption's applicability.  As noted above, no reported case, to defendant's knowledge, has done so  and plaintiffs certainly haven't cited one.  Just as an employer calculating overtime on a weekly basis would not attempt to prorate health and/or pension benefits into the calculation, neither would it make sense to consider those benefits for purposes of considering the comparable operational question of whether an exemption applies in any given pay period.

29 C.F.R. § 779.415(a) excepts from the total compensation calculation for purposes of the 7(i) exemption "payments … of a kind not made as compensation for [the employee's] employment during the period."  The payments plaintiffs seek to include for purposes of applying the test for the 7(i) exemption are of a kind properly excluded from an employee's regular rate because they are paid pursuant to bona fide pension and health and welfare plans. *See* 29 C.F.R. §§ 778.214-778.215.  These payments are not tied to the number of hours an employee works during a given month, other than in the general sense that an employee must work a certain minimum number of hours in order to qualify for the benefits.  Even then, benefits are paid directly to the plans every month regardless of the hours an employee works, and only after an employee has failed to meet the minimum requirements for several months will

3

employee benefits be revoked. They are not revoked retroactively. There is an entire body of law separate from the FLSA that governs payments made to health and welfare plans – it is called ERISA. In short, payments made to benefit plans are "of a kind not made as compensation for [the employee's] employment during the period."

The plaintiffs' have not met the high standard required for a motion for reconsideration and defendant respectfully requests that their motion be denied.

Respectfully submitted, this 29th day of April, 2016.

**STOKES WAGNER**

By: _____/s/ *John R. Hunt*_____
Paul E. Wagner (PW-0177)
John R. Hunt (admitted *pro hac vice*)
One Atlantic Center
Suite 2400
1201 W. Peachtree Street
Atlanta, Georgia 30309
(404) 766-0076 - Telephone
(404) 766-8823 - Facsimile
pwagner@stokeswagner.com
jhunt@stokeswagner.com

Attorneys for Defendant Amedeo Hotels LP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
### Brooklyn Division

| | |
|---|---|
| RUBEN DIAZ, RENE FERNANDEZ, ) <br> MOHAMMED ISMAT, PRADIP SAHA, ) <br> RAMANDRA SAHA, MAXINE SMITH, ) <br> ABDUR RAQUIB, JOHNNY RAMIREZ, ) <br> MADGY SAAD, WALTER FREIRE, ) <br> MOZIBUR RAHMAN, ) <br> CHRISTOPHER STAVROPOULOS, ) <br> ABDUR RAHMAN, SYED AHMED, ) <br> WALTER GARCIA, ASHIF MIRU, ) <br> BISWA SAHA, ALPHONSE SAYOT, ) <br> ALBERTO PRADO, ) <br> MAURICE SCHWARTE, ) <br> ABELLA BOUALE, DENZIL HANNAH, ) <br> MILAD BARSOUM, ) <br> MOAZZEMUL HAQUE, and ) <br> ARUN SAHA, ) <br>  ) <br>     Plaintiffs, ) <br>  ) <br>     v. ) <br>  ) <br> AMEDEO HOTELS LIMITED ) <br> PARTNERSHIP, NWPH, LLC, ) <br> NORTHWOOD HOSPITALITY, LLC ) <br>  ) <br>     Defendants. ) <br> _____) | Case No. 1:12-cv-04418-DLI-JMA |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent the foregoing document to counsel of record listed below via the Court's CM/ECF website:

| | |
|---|---|
| David Wims, Esq. <br> Law Offices of David Wims <br> Attorney for Plaintiffs <br> 1430 Pitkin Avenue, 2nd Floor <br> Brooklin, New York 11233 | Judith Stoll, Esq. <br> Alexander Soric, Esq. <br> Kane Kessler, P.C. <br> 1350 Avenue of the Americas <br> New York, New York 10019 |

Dated: April 29, 2016.

                                              Stokes Wagner, ALC

                                              /s/ John R. Hunt

                                              _____

                                              John R. Hunt