UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RUBEN DIAZ, RENE FERNANDEZ,
MOHAMMED ISMAT, PRADIP SAHA,
RAMANDRA SAHA, MAXINE SMITH,
ABDUR RAQUIB, JOHNNY RAMIREZ,
MADGY SAAD, WALTER FREIRE,
MOZIBUR RAHMAN, CHRISTOPHER
STAVROPOULOS, ABDUR RAHMAN,
SYED AHMED, WALTER GARCIA,
ASHIF MIRU, BISWA SAHA, SAYOT
ALPHONSE, ALBERTO PRADO, MAURICE
SCHWARTE, ABELLA BOUALE, DENZIL
HANNAH, MILAD BARSOUM,
MOAZZEMUL HAQUE, and ARUN SAHA,

        Plaintiffs,

  -against-

AMEDEO HOTELS LIMITED
PARTNERSHIP, NWPH, LLC,
and NORTHWOOD HOSPITALITY, LLC,

        Defendants.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
12-CV-4418 (JMA)

**FILED**
**CLERK**

6/14/2017 4:33 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES:

    David C. Wims
    Law Office of David Wims
    1430 Pitkin Avenue, 2nd Floor
    Brooklyn, NY 11233
        *Attorney for Plaintiffs*

    John Hunt
    Stokes Wagner Hunt Maretz & Terrell
    1201 W. Peachtree Street, Suite 2400
    Atlanta, GA 30309
        *Attorney for Defendant Amedeo Hotels Limited Partnership*

    Alexander Soric
    Kane Kessler, P.C.
    1350 Avenue of the Americas
    New York, NY 10019
        *Attorney for Defendants NWPH, LLC, and Northwood Hospitality, LLC*

1

**AZRACK, United States District Judge:**

The Court previously granted defendants' motion for summary judgment on plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Plaintiffs have moved for reconsideration of the Court's ruling on their FLSA claims. For the reasons stated below, the Court denies plaintiffs' motion for reconsideration. Familiarity with the Court's summary judgment decision (the "SJ Order") and the underlying facts is assumed.

**A. Standard for Reconsideration**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . ." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[On a Local Rule 6.3 motion,] a party may not advance new facts, issues, or arguments, not previously presented to the Court." Goonan v. Fed. Reserve Bank of New York, No. 12-CV-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (quoting Polsby v. St. Martin's Press, No. 97–CV–690, 2000 WL 98057, at * 1 (S.D.N.Y. Jan. 18, 2000)). "Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court." Callari, 988 F. Supp. 2d at 287.

B. <u>Analysis</u>

    **1. 29 U.S.C. § 207(i) and 29 C.F.R. § 779.415**

In order for an employee to qualify as exempt under 29 U.S.C. § 207(i), the employer must prove, <u>inter alia</u>, that "more than half [of the employee's] compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(i). The Department of Labor has issued a regulation, 29 C.F.R. § 779.415, which interprets 29 U.S.C. § 207(i). As plaintiffs acknowledge, this interpretative regulation does not have the binding force of law, but constitutes persuasive authority. (Pls.' Mot. for Reconsideration at 7 (citing <u>Shaw v. Prentice Hall Computer Pub., Inc.</u>, 151 F.3d 640, 642 (7th Cir. 1998)), ECF No. 89.) Section, 779.415, which is entitled "Computing employee's compensation for the representative period," states, in relevant part:

> In determining for purposes of section 7(i) whether more than half of an employee's compensation "represents commissions on goods or services" it is necessary first to total all compensation paid to or on behalf of the employee as remuneration for his employment during the period. All such compensation in whatever form or by whatever method paid should be included, whether calculated on a time, piece, incentive or other basis, and amounts representing any board, lodging or other facilities furnished should be included in addition to cash payments, to the extent required by section 3(m) of the Act and part 531 of this chapter. <u>Payments excludable from the employee's "regular rate" under [29 U.S.C. § 207(e)] may be excluded from this computation if, but only if, they are payments of a kind not made as compensation for his employment during the period.</u> (See part 778 of this chapter.)

29 C.F.R. § 779.415(a) (emphasis added).

In opposing summary judgment, plaintiffs' primary argument was that the Hotel's contributions to various union benefit funds constituted covered compensation under the provisions above.

3

**2. Plaintiffs' Assertion that the Court Overlooked Their Argument and Relied on Irrelevant Authority.**

Plaintiffs' arguments for reconsideration are not persuasive. Before turning to the merits of plaintiffs' substantive argument concerning their FLSA claims, the Court will address plaintiffs' assertion that the Court overlooked their argument concerning their FLSA claims and relied on an allegedly irrelevant statute and regulation in deciding these claims.

First, the final sentence of § 779.415(a) indicates that payments excluded from the employee's "regular rate" under 29 U.S.C. § 207(e) may be excluded from the compensation calculation "if, but only if, they are payments of a kind not made as compensation for his employment during the period." In order to analyze whether the contributions at issue qualified as compensation, the Court first looked to whether these contributions would be excluded from the "regular rate" under 29 U.S.C. § 207(e) and 29 C.F.R. § 778.215, a regulation interpreting that statutory provision. The Court concluded that, under those authorities, the contributions at issue would be excluded from the "regular rate" calculation. In doing so, the Court stated: "As noted earlier, plaintiffs completely ignore this statute and regulation, and do not advance any arguments as to why the contributions at issue should be included in the compensation calculation under these governing provisions." (SJ Order at 9.)

In their motion for reconsideration, plaintiffs contend that this statute and regulation are completely irrelevant. The Court disagrees. Although the fact that contributions are excluded under the "regular rate" calculation does not resolve the question whether the contributions count as compensation under § 779.415, this subsidiary question is not irrelevant. Section 779.415 implies that if a particular payment is included in the "regular rate" calculation, then it should also be considered compensation under § 779.415. In any event, the SJ Order also went on to explain why the contributions at issue do not qualify as "compensation" under § 779.415.

4

Second, in concluding that the contributions at issue do not constitute compensation under § 779.415, the Court noted that "plaintiff does not offer any argument <u>as to why</u> these contributions fail to meet the requirements set out in 29 C.F.R. § 779.415." (SJ Order at 9 (emphasis added).) In their motion for reconsideration, plaintiffs suggest that this statement is incorrect. In their opposition to summary judgment, plaintiffs block-quoted § 779.415 and asserted in conclusory fashion that the contributions at issue necessarily constitute covered compensation under § 779.415. Plaintiffs made no effort to address the particulars of the contributions at issue, including, <u>inter alia</u>, the fact that these contributions were paid to union benefit funds and not to the plaintiffs. Accordingly, the SJ Order accurately characterized plaintiffs' conclusory argument and, in fact, considered § 779.415, the regulation cited by plaintiffs. In any event, for the sake of completeness, the Court addresses the merits of plaintiffs' claim concerning § 779.415 in further depth below.

**3. The Contributions Do Not Constitute Covered Compensation under § 207(i) and § 779.415(a).**

In opposing summary judgment, plaintiffs argued that the Hotel's contributions to the various union benefit funds—which total approximately 30% of wages paid—constitute compensation under § 779.415.

It does not appear that any court has examined the phrase "were payments of a kind not made as compensation for [the employee's] employment during the period" in § 779.415, which was promulgated in 1970. Nor has any court addressed whether employer contributions to union benefit funds—or any similar contributions concerning fringe benefits such as health insurance—constitute compensation under § 207(i) and § 779.415.

The Court previously concluded that, under 29 C.F.R. § 779.415, the contributions at issue were payments of a kind not made as compensation for the plaintiffs' employment during the

5

period. The Court explained that these "contributions were made by the Hotel to the various benefit funds—they were not paid to the employees as compensation." (SJ Order at 9.)

In their motion for reconsideration, plaintiffs argue that the fact that the contributions were made to various benefit funds rather than to the employees is "meaningless" because § 779.415 includes "all compensation paid to or on behalf of the employee as remuneration for his employment during the period." 29 C.F.R. § 779.415(a) (emphasis added). The Court disagrees. The relevant CBA states that the employer must pay set percentages of the total payroll to the various union benefit funds. (See, e.g., IWA at B-4–B-5, B-11, Decl. of John Hunt. Ex. 6, ECF No. 78.) Nothing in the record indicates that the contributions constituted compensation "paid . . . on behalf of the employee."[1]

In addition to the fact that the contributions at issue were made directly to the union benefit funds, additional details about these contributions further support the Court's conclusion that they do not constitute "compensation for [the employee's] employment during the period" under § 779.415. As is typical in the union context, "employees are entitled to exactly the same benefits regardless of the number of hours they work during the representative period, provided they work a minimum number of hours." (NWPH Reply Mem. at 12, ECF No. 74.) Thus, even if a particular employee does not qualify to receive health benefits, the Hotel is still required to make a contribution to the union benefit fund equal to 18.5% of that employee's wages—a point that weighs against finding the contributions to be compensation under § 779.415. (See IWA at B-4 (stating that the Hotel is required to pay 18.5% of employee wages for "Combined Medical and Insurance").) Moreover, the fact that all employees who work the minimum number of hours to

---

[1] The Court also notes that plaintiff never raised any specific argument concerning the "on behalf of the employee" phrase in their opposition to summary judgment.

qualify for health benefits receive the same health benefits undercuts plaintiffs' argument that the Hotel's contributions, which are calculated solely as a percentage of total wages, should be considered "compensation for the employee's employment during the period." If the Court were to accept the plaintiffs' argument, then a full-time employee who received $85,000 in total annual wages would be considered to have received $15,725 ($85,000 X .185) in non-cash compensation for health benefits contributions and a full-time employee who received $145,000 in total wages would be considered to have received $26,970 ($145,000 X .185) in non-cash compensation for health benefits contributions even though these employees would both receive the same health benefits.[2] The absurdity of this result is another reason why the Hotel's contributions should not be considered compensation under § 779.415.

Plaintiffs' assertion that the pension contributions at issue constitute compensation under § 779.415 raises similar problems. There are a variety of issues in the pension context that weigh against deeming pension contributions "compensation" under § 779.415. This includes, inter alia: (1) the requirements that employees must meet before their pensions become vested; (2) the fact that, if an employee dies before reaching the relevant retirement age, the employee may not be entitled to receive pension benefits; and (3) even if an employee ultimately does receive a pension, he will not receive those pension benefits until years after the Hotel makes pension contributions during the various periods of his employment. Furthermore, similar to the contributions for health benefits, there appears to be a disconnect between the pension contributions that the Hotel must make—which generally equal 9% of total monthly employee wages—and the amount of pension benefits that an individual employee might ultimately receive many years later. (IWA at B-5.)

---

[2] Annual earnings could vary greatly from one plaintiff to another. Payroll records that defendants submitted on summary judgment illustrate this fact. (Cecchini Aff., Ex. G.) For example, in 2013, plaintiff Moazzemul Haque made $146,074.61. (Id.) That same year, plaintiff Mohammed Ismat made $85,919.48. (Id.)

7

Furthermore, as defendants note, the various contributions at issue are not taxable to the employees as income. (NWPH Reply Mem. at 12.) While not dispositive, this point further supports a determination that the contributions are not compensation under § 779.415.

The Court recognizes, as it did in the SJ Order, that courts "narrowly construe" exemptions under the FLSA "because the FLSA is a remedial law." Reiseck v. Universal Commun. of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). In light of the discussion above, however, the Court does not believe that the phrase "compensation" is ambiguous such that this canon of construction is applicable here. The Court also disagrees with plaintiffs' assertion that the Court's ruling is contrary to the "letter, spirit, and purposes of the FLSA, which is to be broadly construed as a remedial statute." (Pls.' Mot. for Reconsideration at 8.)

The Court adheres to its earlier determination that defendants are entitled to summary judgment on plaintiffs' FLSA claims. As explained above, the contributions at issue do not constitute covered compensation under 29 U.S.C. § 207(i) and 779.415.[3]

### 4. Plaintiff's Remaining Arguments

Plaintiffs raise two additional points in support of their motion for reconsideration. Neither of these arguments warrant reconsideration.

First, plaintiffs assert that the Court incorrectly placed the burden of proof on plaintiffs when defendants bore the burden of proving that the 7(i) exemption was applicable. This argument is meritless. The Court made clear, at the outset, that defendants bore the burden of proof on this

---

[3] In opposing summary judgment, plaintiffs argued that the Hotel's contributions for fringe benefits, which were paid to union benefit funds, constituted compensation under § 779.415. Plaintiffs did not argue that the health insurance and other benefits provided to the plaintiffs by the union benefit funds constituted compensation under § 779.415. To the extent that plaintiffs raise such an argument in their motion for reconsideration, the Court declines to consider that argument because plaintiffs did not raise that argument in opposition to defendants' motion for summary judgment. Moreover, the Court doubts that such benefits constitute compensation under 29 U.S.C. § 207(i) and 29 C.F.R. § 779.415.

issue. In their motion for reconsideration, plaintiffs do not identify how the Court allegedly shifted the burden of proof to the plaintiffs. (See Pls.' Mot. for Reconsideration at 7.) Instead, plaintiffs' motion for reconsideration vaguely asserts that "[d]efendants were required to show that their proffered calculations of total compensation were correct on their motion, not the other way around." (Pls.' Mot. for Reconsideration at 7.) Such a vague assertion is not a basis to grant a motion for reconsideration.

Second, plaintiffs argue that the Court failed to view the facts in the light most favorable to plaintiffs. As with plaintiffs' argument about the burden of proof, plaintiffs fail to provide any specifics concerning this assertion.

## C. Conclusion

Plaintiffs' motion for reconsideration is denied. Accordingly, the Court: (1) reaffirms that defendants are entitled to summary judgment on plaintiffs' FLSA claims; and (2) declines to exercise supplemental jurisdiction over plaintiffs' state law claims and remands those claims back to state court.[4]

Dated:  June 14, 2017
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[4] Even if plaintiffs' FLSA claims were viable, the Court would still decline to exercise supplemental jurisdiction over plaintiffs' state law claims. As explained in the SJ Order, one of plaintiffs' state law claims raises novel issues of state law. Moreover, even if plaintiffs' FLSA claims were viable, their FLSA claims do not appear to involve any disputed questions of fact that would require a trial. Rather, it appears that if plaintiffs were correct about the 7(i) exemption, then the Court could resolve the plaintiffs' FLSA claims by performing some simple calculations. Once the Court did so, there would be no compelling reason for the Court to retain jurisdiction over the novel state law claim or other state law claims.